Hon. DANIEL M. VALENTINE,  } Associate Justices.
Hon. DAVID J. BREWER,

## James C. Horton v. James E. Watson.

County Treasurer; *Regular and Consecutive Terms; Vacancy.* Under the statutes of Kansas, the *regular* terms for the office of county treasurer for the last eight years have been as follows:

1. From the first Tuesday of July, 1872, up to the first Tuesday of July, 1874.

2. From the first Tuesday of July, 1874, up to the first Tuesday of July, 1876.

3. From the second Tuesday of October, 1876, up to the second Tuesday of October, 1878.

4. From the second Tuesday of October, 1878, up to the second Tuesday of October, 1880.

And between said second and third terms there was a period of time of three months and one week not belonging to any term.

The legislature denominated this intervening space of time a "vacancy" in said office, and enacted that the county commissioners should fill the same by appointment. W. held the office of county treasurer of Douglas county for the latter half of said first term, and for the whole of the second term, and then vacated the office. Y. then took possession of the office, by virtue of an appointment by the county commissioners, and held the office until the commencement of said third term, when W., who had been elected at the previous November election, in 1875, again took possession of the office, for the purpose of holding it during said third term. *Held,* That said second and third terms were not "consecutive terms," within the meaning of § 3 of art. 9 of the constitution, and that W. was eligible to hold the office for said third term.

### Error from Douglas District Court.

Action brought by *Horton* against *Watson*, under the provisions of article 6, chapter 36, of the General Statutes of 1868

to determine the right of the contestor to the office of county treasurer of Douglas county. The contestor claimed that at the general election held November 6, 1877, he was legally elected to said office, and that the contestee, Watson, who had been declared duly elected thereto at said election, was ineligible thereto, because of the provision in section 3 of article 9 of the state constitution, that no person shall hold the office of county treasurer for more than two consecutive terms. January 29, 1878, the trial court found that Watson was eligible, and was duly elected to said office, and adjudged and confirmed his right thereto in all respects; to which Horton excepted, and appealed to the district court, where, at the April Term, 1878, the judgment of the court below was affirmed. The contestor brings the case to this court.

*S. A. Riggs, Osbun Shannon,* and *N. Hoysradt,* for plaintiff in error.

*S. O. Thacher,* and *George J. Barker,* for defendant in error.

The opinion of the court was delivered by.

VALENTINE, J.: The main question involved in this case is, whether James E. Watson was eligible to hold the office of county treasurer of Douglas county for the term commencing on the second Tuesday of October, 1876, and ending on the second Tuesday of October, 1878. And this question depends entirely upon the construction to be given to our constitution and statutes; for there is no question with regard to the facts of the case. The facts are all admitted.

Up to November, 1876, section 3 of article 9 of the constitution was as follows:

"All county officers shall hold their offices for the term of two years, and until their successors shall be qualified; but no person shall hold the office of sheriff or county treasurer for more than two consecutive terms."

This section was amended in November, 1876, but the amendment does not affect this case in any respect.

The constitution has never prescribed when the terms of

county officers shall begin or end, but the statutes always have. Under the statutes, the *regular* terms for the office of county treasurer for the last eight years have been as follows:

1. From the first Tuesday of July, 1872, up to the first Tuesday of July, 1874.

2. From the first Tuesday of July, 1874, up to the first Tuesday of July, 1876.

3. From the second Tuesday of October, 1876, up to the second Tuesday of October, 1878.

4. From the second Tuesday of October, 1878, up to the second Tuesday of October, 1880.

For convenience, we shall hereafter designate the above-named terms by calling them the first, second, third, and fourth terms, as above numbered.

It will be noticed that there is a space of time of three months and one week between the above-named second and third terms, which space of time is not included in any regular term. This interregnum or interlude was brought about by a change in the law prescribing the time for the commencement and conclusion of the terms of the office of county treasurer. The legislature denominated this interregnum or interlude a "vacancy," in said office, and enacted that the county commissioners should fill the same by appointment. (Comp. Laws of 1879, p. 283, § 61.)

Said Watson held the office of county treasurer of Douglas county for the latter half of said first term, and for the whole of the second term, and then vacated the office. Robert Young then, by appointment of the county commissioners, took possession of the office, and held it until the commencement of said third term, when Watson, who had been elected at the previous November election in 1875, again took possession of the office, for the purpose of holding it for and during said third term. And the only question now to be considered is, whether Watson was eligible to hold the office for said third term. And this question depends upon whether said second and third terms were "consecutive terms" within the meaning of the constitution, or not. The

plaintiff claims that they were consecutive terms, while the defendant, Watson, claims that they were not.

It seems to be admitted by all parties that the legislature had the legal power to change the time for the commencement of the county treasurer's term of office, from the first Tuesday of July, 1876, to the second Tuesday of October, 1876; and therefore, that the act making such change was to that extent valid. But the plaintiff claims that the legislature had no power to treat the office as vacant during said intermediate space of time, or at any time during such period, or to provide for filling the same by appointment by the county commissioners; and therefore, that this portion of the act was void. The plaintiff claims that, as the constitution provides that "all county officers shall hold their offices for the term of two years, and until their successors shall be qualified," that Watson, (and not Young or anybody else,) should have held said office of treasurer during said intermediate space of time; that said intermediate space of time really belonged to Watson's said second term, and was a part thereof; that the legislature, by changing the time for the term of treasurer to commence, simply enlarged Watson's second term; that the provision of said act, which authorized the county commissioners to appoint a person to fill said supposed vacancy, was unconstitutional and void; that said second and third terms really came together, one succeeding the other, and therefore that they were consecutive within the meaning of the constitution. Or if mistaken in claiming that said intermediate space of time was a portion of Watson's second term, then they claim that it was nothing—a blank in legal contemplation — a thing not to be counted or taken into consideration; and therefore, that said two terms were not separated—that they really had nothing between them, and were therefore "consecutive."

On the other hand, it is claimed by the defendant that the term of a county treasurer or other county officer is, under the constitution, just two years, and no more; that the legislature has no power to increase the length of such

term; that when a county officer holds beyond his own term of two years under that provision of the constitution which authorizes him to hold until his successor is qualified, he is then simply holding during a portion of his successor's term, and is not still holding a part of his own term; that said intermediate space of time was not any portion of Watson's second term or of any other term; that the legislature could not have made it a portion of Watson's second term, even if it had so desired, but it did not so desire, and did not attempt to do so, but just the reverse; that as said intermediate space of time did not belong to any term, it was therefore a period of time intervening between said second and third terms, and preventing them from being consecutive. The defendant also claims that he was ineligible to hold the treasurer's office during said intermediate space of time. He claims that he had already held the office "two consecutive terms" within the meaning of said constitutional provision, although in fact he had held the office only one-half of the first of said two terms.

The constitution of course does not mean that the county treasurer may hold the office for four years, for if it did, then Watson might have held said office not only during said intermediate space of time, but also for nearly nine months of said third term. The constitution says two "terms," not four years, and that the treasurer shall not hold the office "for more than two consecutive terms." Now if he should hold the office for a part of one term, and then for the whole of the next term, he could not be eligible to be elected for still another term, for that would give him the office "for more than two consecutive terms." The constitution provides that "all county officers shall hold their offices for the term of two years, *and* until their successors shall be qualified." That is, they shall hold the office during their full term of two years; and then, *in addition* to their term, they shall hold until their successors are qualified. This addition is evidently no part of their term. It comes out of their successor's term, and is a part of their successor's term. The

beginnings and the endings of terms are fixed by law.   But a successor may give a portion of his own term to a predecessor, if he chooses.   If he defers qualifying for twenty days, he gives that much to his predecessor, but it is that much of his term, and not of his predecessor's or successor's term, and he thereby shortens his own term just that much.   He cannot run over into his successor's term so as to make his term a full term of two years, provided his successor qualifies and demands the office on the day on which the statute says the term shall commence.   And if he gives a portion of his term to his predecessor, it being no part of his predecessor's term, it has been held that the sureties of his predecessor are not responsible for defaults occurring during such period of time. (15 Kas. 168; 22 Kas. 318, 464.)

The above provision of the constitution, however, is probably qualified as to sheriffs and county treasurers by the next provision in the same section.   Sheriffs and county treasurers, like other officers, may hold their offices until their successors are qualified, but they cannot hold in any case for more than two consecutive terms.   When their second term ends, their right to hold the office ends.   They cannot then hold over and into their successor's term, as at the close of the first term they might, or as other county officers might.   The constitution does not say that they may hold the office for two consecutive terms, *and until their successors are qualified;* but it says that they *shall not hold for more than two consecutive terms.*

We think we agree mainly with the defendant in this case. Watson's second term expired absolutely and completely on the first Tuesday of July, 1876, and his third term did not commence until the second Tuesday of October, 1876.   Hence, here was an interregnum, an intervening space of time of over three months, separating these two terms, and not belonging to either, and during which another person held the office, having entire control of all the funds, book papers, etc., belonging or appertaining to the office.   The object of said constitutional provision was not to make a man ineligible to ever

afterward hold the office of county treasurer after he had held it for two consecutive terms, but the real object was to require him to go out of the office for a time, and to deliver to another all the funds, books, papers, etc., belonging to the office, so that a full, complete, honest and final settlement could be made with him. Now three months' time, we think, was ample for this purpose — at least, if the other officers, with whom he was to settle, were anywhere near competent.

The judgment of the court below will be affirmed.

All the Justices concurring.