THE STATE OF KANSAS, *ex rel. C. S. Rockey*, v. W. F. FOSTER.

1. COUNTY TREASURER — *Election* — *Length of Term.* On November 4, 1885, the governor proclaimed the county of Meade organized, and appointed commissioners and clerk, as the statute requires. On January 5, 1886, an election was held, at which all the county officers were elected, and at such election W. F. Foster was elected county treasurer. At the succeeding general election, on November 2, 1886, all the county officers were elected, and among them C. S. Rockey was elected county treasurer. *Held,* That Foster was elected county treasurer to hold and perform the duties of the office only until the next general election, and until his successor was elected and qualified; and *held, further,* that Rockey was elected to succeed Foster and to fill the unexpired term, until the time provided by the general law for the election of treasurer should arrive.

2. CASES, *Followed. Hagerty v. Arnold,* 13 Kas. 367; *Morgan v. Comm'rs of Pratt Co.,* 24 id. 71, and *The State, ex rel., v. Mechem,* 31 id. 435, followed.

*Original Proceedings in Quo Warranto.*

ACTION brought in this court, November 29, 1886, to determine the title to the office of county treasurer of Meade county. The opinion herein, filed at the May, 1887, session of the court, contains a sufficient statement of the case.

*John C. Caldwell,* for relator.

*A. F. Hollenbeck,* and *John W. Day,* for defendant.

The opinion of the court was delivered by

HORTON, C. J.: Meade county was organized November 4, 1885. The temporary county officers were elected January 5, 1886, to hold their offices until the next general election, and until their successors should be elected and qualified. (Comp. Laws of 1885, ch. 24, § 116.) At this election, W. F. Foster was elected treasurer of the county. At the general election, held November 2, 1886, C. S. Rockey was elected county treasurer of the county to succeed the defendant. Subsequently he filed a sufficient bond and took the oath of office, as required by law.

The only question at issue is, was the successor of Foster to be elected at the next general election, or at the election held throughout the state for the election of county treasurers? If the former, then a writ of ouster must be granted. If the latter, then the demurrer filed to the petition must be sustained.

On the part of the plaintiff, it is claimed that the demurrer must be overruled upon the authority of *Hagerty v. Arnold,* 13 Kas. 367; *Morgan v. Comm'rs of Pratt Co.,* 24 id. 71; and *The State, ex rel., v. Mechem,* 31 id. 435.

It is contended by the defendant, that the election held in Meade county on January 5th, 1886, was a special election, and that the persons so elected would hold their offices for the unexpired term, or until the time for regular elections to the respective offices, under § 59, ch. 36, Comp. Laws of 1885. The claim of the plaintiff must be sustained. The legislature is given the power to provide for the organization of new counties. This includes the right to prescribe the terms and conditions prerequisite thereto, and all the necessary steps to secure that result. Such regulations are prescribed, and among other things it provides that the organization may be effected at any time when the prescribed conditions exist; that the first commissioners and clerk are to be appointed by the governor; that at the first election the county officers are to hold only until the next general election, when another election is to be

held.　Under the power to organize new counties, the legislature has the power to designate how the offices shall be filled, until the commencement of the regular term; and the fact of its having provided for two elections does not derogate from its power.　The term of all county officers is two years; the legislature cannot make this more nor less; but for vacancies and for exceptional cases, such as the organization of new counties, it has the power to say how the offices shall be filled up to the time when the regular term commences, even if it requires two elections in one year.　(*Hagerty v. Arnold*, supra.)

The constitution defines the phrase "general election."　It says: "General elections shall be held annually on the Tuesday succeeding the first Monday in November."　(Const., art. 4, § 2.)　The November election is the general election, and that whether few or many offices are to be filled.　It may be said that when the statute provides that the officer elected at the special election shall hold until the next general election, it means the next general election for that office; but this is not the natural import of the language, and seems to require an interpolation of certain words.　The phrase "general election" has a constitutionally defined, fixed and uniform meaning, and is independent of the terms of office, or the number of officers to be elected.　(*Morgan v. Comm'rs of Pratt Co.*, supra; see also *The State, ex rel., v. Mechem*, supra.)

There was properly an election for the office of county treasurer in Meade county at the general election held November 2, 1886, and the plaintiff was elected at such election to succeed the defendant.　He has duly qualified, and demanded the office; therefore, judgment of ouster will be rendered against the defendant, together with all costs.

All the Justices concurring.