G. W. DAVIS v. H. H. PATTEN.

COUNTY TREASURER — *Two Consecutive Terms — Ineligibility.* Kiowa county was re-created in February, 1886, and temporarily organized in March following. The first election in the county was held May 11, 1886, when all the county officers were chosen, including P., who was elected as county treasurer, and who immediately qualified and entered upon the discharge of the duties of the office. He was re-elected in November 1886, for the term ending October, 1888, and was in possession of the office continuously from his first election until the expiration of that term. *Held,* That he was ineligible to be chosen or to hold the office for the succeeding term ending in October, 1890.

*Original Proceeding in Quo Warranto.*

THE opinion, filed at the session of the court in May, 1889, states the material facts.

*Webb, Campbell & Spencer,* for plaintiff.

*L. M. Day,* and *H. H. Patten,* for defendant.

The opinion of the court was delivered by

JOHNSTON, J.: The title to the office of county treasurer of Kiowa county is in controversy between the parties to this action. Both claim under elections by the people—the plaintiff under one which was held in November, 1888, and the defendant under one held in November, 1887. The result of this action depends upon the eligibility of the defendant to be chosen and to hold the office under the election of 1887.

The county of Kiowa was re-created and its boundary-lines established by legislative action in February, 1886, and in the following March a temporary organization was effected through executive action. That organization was completed as the law provides by a first election, held on May 11, 1886, when a full complement of county officers were chosen. The defendant, H. H. Patten, was then chosen for county treasurer, and immediately thereafter he gave a bond and entered upon the discharge of the duties of the office. At the general election held in November, 1886, the defendant was reëlected to serve for the term ending in October, 1888, and within the time prescribed by law he filed a new bond, took the usual oath of office, and continued to discharge the duties pertaining to the office. At the general election in November, 1887, the defendant came before the people again for reëlection, and received a majority of the votes cast at that election for county treasurer, and upon a canvass of the votes he was declared to have been elected for the regular term, beginning the second Tuesday of October, 1888. At the expiration of the term ending in October, 1888, the board of county commissioners of Kiowa county, proceeding upon the theory that the defendant was not eligible to a third election, declared the office of county treasurer vacant, and appointed one C. F. Mingenback to fill the vacancy. He duly qualified as county treasurer

31—41 KAS.

under the appointment, and demanded the office of the defendant, who refused to deliver the same to him. At the general election in November, 1888, the defendant and two others were candidates to fill the vacancy claimed to exist on account of the incapacity of Patten to hold another term, and at that election the plaintiff received a plurality of all the votes cast. The electors of the county participated generally in this election, there being upwards of 1,000 votes cast for the office of county treasurer. The county board canvassed the result of the election, and declared that the plaintiff, G. W. Davis, had been duly elected to fill the vacancy in the office of county treasurer for which the appointment had theretofore been made. He at once demanded the possession of the office, but the defendant declined to deliver the possession to him for the alleged reason that there was no vacancy in the office, and that the election of November, 1888, was without authority of law. He claimed that he was entitled to hold the office until the expiration of the regular term, which ends the second Tuesday of October, 1890.

It is clear that the plaintiff is entitled to the office. The defendant was and is ineligible to be chosen or to hold for the present term. The constitution, in § 3 of article 9, expressly provides that no person shall hold the office of county treasurer for more than two consecutive terms. The defendant has been in the office continuously from May 11, 1886, until the present time, and he is therefore serving the third consecutive term. The term of county officers is limited by the constitution to two years, and the legislature has prescribed when the terms shall begin and end. The regular elections of county treasurers are required to be held in the odd years, and the term begins in October of the even years. Now the defendant has served a part of the regular term ending in October, 1886, all of the term ending in October, 1888, and is now attempting to hold the office for another term, which ends in October, 1890. If he is permitted to hold the office during the present term, he will have held consecutively two full terms and about six months of a third term. This would

be a plain violation of the constitution. It is true that he had not served two full terms, or four years, at the expiration of the term which ended the second Tuesday of October, 1888, but to allow him to hold another term would extend his service beyond the constitutional limit. This subject was before the court in *Horton v. Watson*, 23 Kas. 229, and a view directly contrary to that claimed by the defendant was there expressed. In delivering the opinion, Mr. Justice VALENTINE said: "The constitution, of course, does not mean that the county treasurer may hold the office for four years; for if it did, then Watson might have held said office, not only during said intermediate space of time, but also for nearly nine months of said third term. The constitution says two 'terms,' not four years, and that the treasurer shall not hold the office 'for more than two consecutive terms.' *Now if he should hold the office for a part of one term and then for the whole of the next term, he could not be eligible to be elected for still another term; for that would give him the office 'for more than two consecutive terms.'* " That statement of the law exactly meets the claim made by the defendant in this case. He has held the office for a part of one term, the whole of the next, and therefore was not eligible to be elected for still another term. It is contended by the defendant that the first term or period of service from May 11, 1886, to October, 1886, is not a term within the meaning of the constitution. He says: "Where a person has held the office for two consecutive terms, as fixed by the legislature, then such person would not be eligible to a third term. But such holding must be during a period *between* two regular terms; that is, there must have been a preceding term as fixed by statute, and of course one following, the third term, to which the officer would be ineligible in case of his election to the same; and in this case before said constitutional provision could apply, defendant must have held the office for a part of an unexpired term and then the whole of the succeeding term." And he cites *Haggerty v. Arnold*, 13 Kas. 367, to sustain his claim. That case does not strengthen his position. It is immaterial whether the

period of time from May 11 to the second Tuesday of October be called an "interregnum" or an exceptional term. Whatever it may be designated, it is a holding of the office which when added to two regular terms would exceed the constitutional limit of continuous service. In the case cited, it was held that the constitutional provision limiting the duration of the terms of county officers to two years did not prevent the legislature from enacting that the terms should begin and end uniformly throughout the state, and that when a new county was organized the officers chosen at the first election should hold until the next general election, and not for two years from the time they happened to be so chosen. Nothing in the decision, however, sanctioned the idea that an exceptional term or other period of service could be added to the constitutional limit restricting the continuous service of a county treasurer to two consecutive terms. There is a general provision that county officers shall hold their offices for a term of two years, and until their successors shall have qualified; but notwithstanding this provision, it was held in *Horton v. Watson*, supra, that it would not operate to extend the limit of service of a county treasurer beyond the two consecutive terms. When that time expires his right to longer hold the office absolutely ends, although his successor may not be ready to assume its duties. If he cannot hold it for a few days at the end of the period until his successor qualifies, how can six months be added to the limitation at the beginning of his time of service? The object of the constitutional restriction, as stated in *Horton v. Watson*, "was to require him to go out of the office for a time, and to deliver to another all the funds, books, papers, etc., belonging to the office, so that a full, complete, honest and final settlement could be made with him." To permit the defendant to hold his office until October, 1890, would be a palpable violation of both the spirit and letter of the constitutional provision. He was not eligible to be elected, nor was he entitled to hold the office for the term commencing the second Tuesday of October, 1888.

Judgment must therefore be given in favor of the plaintiff, as prayed for in his petition.

All the Justices concurring.