ANDREW PRUITT v. SMITH B. SQUIRES.

No. 12,999. (68 Pac. 643.)

SYLLABUS BY THE COURT.

1. BIENNIAL-ELECTION LAW—*Sheriffs and Treasurers.* Section 3 of article 9 of the constitution provides that "All county officers shall hold their offices for the term of two years, and until their successors shall be qualified, . . . but no person shall hold the office of sheriff or county treasurer for more than two consecutive terms.'' Under this provision, a term of office of the officers therein mentioned is not limited to two years, but is for two years

certain, and for an indeterminate and uncertain period thereafter, designated by the phrase "and until their successors shall be qualified," and this is as true of a second term as of a first.

2 ———— *Appointment by Governor not Authorized— Officers Hold Over.* Chapter 176, Laws of 1901 (Gen. Stat. 1901, §§ 2751–2755), generally known as the "biennial-election law," by its operation postponed the election of certain sheriffs from the fall of 1901 to the fall of 1902, but made no provision for the filling of the interregnum thus created. *Held,* that no vacancy existed in such office, and the governor was not authorized by the general provisions of the statute directing him to fill vacancies to appoint one to such office during such interregnum. *Held, further,* following the case of *The State v. Andrews,* ante, p. 474, 67 Pac. 871, that no means of supplying such offices during the interregnum resulting from the postponement of these elections having been designated, such incumbents will continue to hold until their successors, chosen in the usual manner, shall be qualified.

3. ———— *Cases Distinguished.* The cases of *Horton v. Watson,* 23 Kan. 229, and *Davis v. Patten,* 41 id. 480, 21 Pac. 677, distinguished.

Original proceeding in *quo warranto.* Opinion filed April 5, 1902. *In banc.* Judgment for defendant.

*Ergenbright & Banks, Finch & Wheatley,* and *Dawes & Wulfekuhler,* for plaintiff.

*Lambert & Huggins,* for defendant.

The opinion of the court was delivered by

CUNNINGHAM, J.: This is another action growing out of the conditions created by the enactment of chapter 176 of the Laws of 1901 (Gen. Stat. 1901, §§ 2751–2755), familiarly known as the "biennial-election law." By section 1 of that law it is provided that a general election shall be held on the Tuesday succeeding the first Monday in November, 1902, and on the Tuesday succeeding the first Monday in November in every second year thereafter, at which election all county officers, except county commissioners, shall be

elected. By section 2 of the same act it is provided that no election for any of these county officers shall be held prior to the Tuesday succeeding the first Monday in November, 1902. The effect of this act was to postpone the election of all county officers, except county commissioners, from the fall of 1901 to the fall of 1902.

The defendant in this action, Smith B. Squires, was elected sheriff of Montgomery county in November, 1897, took possession of the office in January, 1898, was reelected in November, 1899, and commenced his second term in January, 1900. Had not the biennial-election law been enacted, his successor would have been elected in November, 1901, and entitled to take the office in January, 1902. Acting upon the theory that there was a vacancy in the office of sheriff of Montgomery county, the governor of the state appointed and commissioned the plaintiff, Andrew Pruitt, to fill such vacancy, and this is an action in *quo warranto* by him against Squires to determine who is entitled, under these facts, to the possession of the office.

The plaintiff claims that, by reason of section 3 of article 9 of the constitution of the state of Kansas, the defendant was made absolutely ineligible and incompetent to hold the office of sheriff for a longer period than four years, and when such period had elapsed a vacancy in that office occurred by reason of such provision. Omitting immaterial matters therefrom, that section reads as follows :

"All county officers shall hold their offices for the term of two years, and until their successors shall be qualified, . . . but no person shall hold the office of sheriff or county treasurer for more than two consecutive terms."

A vacancy thus having occurred, the plaintiff further

claims that, under section 2628 of the General Statutes of 1901, the governor was empowered to fill the same by appointment.    Section 2628 provides:

"All vacancies in any state or county office, and in the supreme or district courts, unless otherwise provided for by law, shall be filled by appointment from the governor, until the next general election after such vacancy occurs, when such vacancy shall be filled by election."

Under this section is found ample power for the governor to appoint a sheriff to fill a vacancy; hence, the vital and determinative question in this case is whether there was a vacancy in this office at the time plaintiff was appointed.    The defendant claims that there was not, for the reason that, under the terms of the section of the constitution already quoted, the term of office of sheriff is not only for two years, but for two years and until his successor shall be qualified, and that the additional uncertain time between the expiration of the two years and the time when his successor shall be qualified is as much a part of his constitutional term as the two years itself; that inasmuch as the biennial-election law, which postponed the time of election, neither declared a vacancy nor made specific provision for an appointment by the governor, there was no vacancy, and, therefore, the general provision of the statute authorizing the governor to appoint in cases of vacancy did not apply.    We are of the opinion that the contention of the defendant is correct, and that there was no vacancy in the office of sheriff of Montgomery county which authorized the governor to appoint and commission the plaintiff thereto.

It seems to be well settled that the indefinite portion of time indicated by the phrase "until their

Pruitt v. Squires.

successors shall be qualified'' is as much a part of the term of office as the time during which the officer is entitled absolutely to hold.   In the one case he is` entitled to hold as against every one, and in the other as against every one except such as should come with legitimate credentials.   To be sure, this additional time is conditional and defeasible, but, until the condition arises which defeats it, it remains a part of the constitutional term.

In the case of *The State, ex rel. Carson, v. Harrison,* 113 Ind. 434, 16 N. E. 387, the constitution provided that whenever an officer, other than a member of the general assembly, shall hold his office for a stated term, the same shall be construed to mean that such officer shall hold his office for such term, and until his successor shall be elected and qualified.   Under this provision, the court held (page 441):

''The effect of the foregoing provision is more than to supply the office until an executive appointment can or shall be made with a person qualified to discharge its duties.   It adds an additional contingent and defeasible term to the original fixed term, and excludes the possibility of a vacancy, and, consequently, the power of appointment, except in case of death, resignation, ineligibility, or the like.''

In the case of *People v. Whitman,* 10 Cal. 38, at page 44, the court said of a similar provision :

''The term of office is fixed at two years, certain, with a contingent extension.   When this contingency happens, this extension is as much a part of the entire term as any portion of the two years.   The language of the constitution is just as clear and express that the governor shall hold his office until his successor is qualified as it is that he shall hold it two years from the time of his installation.   These two provisions are both contained in the same sentence, closely connected by the copulative conjunction ; and both relate to the term for which this officer shall hold his office.''

This general principle is laid down in Mechem's Public Offices and Officers, section 397, where it is announced as follows:

"It is usually provided by law that officers elected or appointed for a fixed term shall hold not only for that term but until their successors are elected and qualified. Where this provision is found, the office does not become vacant upon the expiration of the term if there is then no successor elected and qualified to assume it, but the present incumbent will hold until his successor is elected and qualified, even though it be beyond the term fixed by law."

It is important in this discussion to bear in mind the fact that the biennial-election law made no declaration whatever upon the question as to whether there was a vacancy in the office of sheriff and county treasurer during the interregnum created by the postponement of the time of election, nor did it provide for or direct the appointment by the governor, or by any other authority, of a person to fill such extended terms. Had this been done, the question here presented would have been a very different one. This consideration was pointed out in the case of *The State v. Andrews*, ante, p. 474, 67 Pac. 871.

It would seem to require no argument to prove that this extension of term, or extra term, created by the postponement of the time of election, could not possibly have been contemplated by the legislature when it passed the general law authorizing the governor to fill vacancies in office. There was no vacancy in the office within the meaning of the general provision. One who had been duly elected and qualified was still occupying the office.

"The word 'vacancy,' as applied to an office, has no technical meaning. An office is not vacant so long as it is supplied in the manner provided by the constitution or law with an incumbent who is legally qualified

to exercise the powers and perform the duties which pertain to it; and, conversely, it is vacant, in the eye of the law, whenever it is unoccupied by a legally qualified incumbent, who has a lawful right to continue therein until the happening of some future event." (*The State, ex rel. Carson, v. Harrison*, 113 Ind. 439, 16 N. E. 386, and see cases there cited.)

"The mere expiration of the term of the incumbent of an office does not create a vacancy such as the governor alone is authorized to fill by the appointment of a successor." (*People v. Tyrrell*, 87 Cal. 475, 25 Pac. 684.)

"An office cannot be said to be vacant while any person is authorized to act in it, and does so act." (*The People v. Van Horne*, 18 Wend. 518.)

In the case of *Borton v. Buck*, 8 Kan. 302, it was held by this court, where the plaintiff was elected justice of the peace, that unless his office should become vacant by death, resignation, or removal therefrom, or by his removal from the township, under sections 9 and 12 of article 3 of the constitution, which, taken together, contain substantially the provisions found in section 3 of article 9, above quoted, he would hold until his successor was elected, or appointed, and qualified, and, quoting this case, this court held, in *The State v. Thoman*, 10 Kan. 197, that "at the expiration of a term there arises no vacancy which can be filled by appointment."

The court, in *Hubbard v. Crawford*, 19 Kan. 572, referring to section 3, article 9, of the constitution, said: "Express provision is made by the constitution of this state that all county officers shall hold their offices until their successors shall be qualified." (*State v. Boucher*, 3 N. Dak. 389, 56 N. W. 142.)

A large number of authorities could be cited to the same effect, and, indeed, the plaintiff perhaps does not really contend to the contrary, but bases his conten-

tion upon the claim that, because section 3 of article 9 restricts the right of any person to hold the office of sheriff and county treasurer for more than two consecutive terms, therefore, upon the expiration of four years of consecutive incumbency of this office by the defendant, the office became *ipso facto* vacant, as much so as if resignation had terminated his incumbency or death his existence ; that under no conditions might the defendant hold longer than four years. Of course, this construction utterly ignores the other provisions of the same section, which makes the constitutional term to extend for two years *and until their successors shall be qualified.* It is freely granted that this *"and until"* extension would attach to the first term of the sheriff, but it is claimed that it would not to the last. We are unable to make the distinction. Note the language of the constitution, "shall hold their offices for the term of two years and until," etc. Now, if one term is two years plus the "and until," why should not two terms be four years plus the "and until" ? Or, to put it in another way, if the first term is two years plus the "and until," what constitutional reason is there that the second term is not of equal length ? The limitation contained in the last clause is a limitation upon the holding of more than two of these constitutional terms consecutively ; that is, one who has held two of these constitutional terms consecutively may not thereafter hold another term by appointment or election without the happening of an intervening term. Were the inhibition of the constitution against holding a definite time, such as four years, then undoubtedly, under the authorities, the contention of the plaintiff would be correct ; but such is not this case. The limitation is for two terms, and a term is two years "and until," etc. In support of this consideration, see *State v. Compson,* 34 Ore. 25, 54

Pac. 349 ; *The State, ex rel. Carson, v. Harrison,* supra ; *The State, ex rel. Reese, v. Bogard,* 128 Ind. 480, 27 N. E. 1113 ; *State, ex rel. Meredith, v. Tallman,* 24 Wash. 426, 64 Pac. 759.

Plaintiff cites and relies upon two cases decided by this court, *Horton v. Watson,* 23 Kan. 229, and *Davis v. Patten,* 41 id. 480, 21 Pac. 677. Beyond question, if we shall take segregated portions of the opinions in these cases and consider them apart from their settings and the facts of the case, they would seem to be conclusive in his favor. This, however, we may not do ; and, when we come to consider the facts in each of these cases, we find that the portions of the opinions relied upon are of little or no weight in this case. In *Horton v. Watson,* supra, the facts were that Watson held the office of county treasurer of Douglas county for the latter half of a first term and all of a second term, as the terms existed under the law at that time. The legislature having directed that the term of office of county treasurers next ensuing after Watson's second term ended should begin some three months later, and having also declared that this intervening period of time was a vacancy, directed that the county commissioners should fill the same by appointment. This was done, and another took possession of the office and held the same until the beginning of the term next succeeding, when Watson, having been previously elected thereto, again took possession of the office for the purpose of holding another term under his election. This the court held he might constitutionally do, because the intervening time, which had been denominated by the legislature as a vacancy, was such an interregnum, or interlude, as to render Watson competent to hold a third term, it not being consecutive with the second. It must be apparent that under these facts the question is very wide of the one in the

case at bar, and while everything that was necessarily said by the court in the Watson case was eminently applicable to the facts of that case, yet, wrenched from their connection and deprived of the light thrown upon them by their appropriate facts, they become quite misleading when applied to this case.

In the case of *Davis v. Patten*, supra, the facts were that upon the organization of Kiowa county, and upon the first election for county officers, held in March, Patten was chosen county treasurer. In the fall of the same year, and at the regular election, he was elected for a full term, and held under this election until the expiration of that term. The court decided that he was ineligible to be chosen to or to hold the office for the next succeeding term, and this because he had already held for two terms, the court saying that the limitation upon his right to hold was by terms and not by years.

No quarrel can be had with either of these cases, but the law as announced in either may not be carried beyond what the facts of the case will warrant.

We conclude that, as the constitution provides that the term of office of a sheriff shall be two years and until his successor shall be qualified, and as the legislature did not in the biennial-election law, either directly or indirectly, provide for the appointment of any one to fill the office during the interregnum caused by the postponement of the election of such officer from the fall of 1901 to the fall of 1902, there was no vacancy in such office, and, therefore, the governor had no authority to appoint, and the plaintiff has no right to the office.

The judgment will be for the defendant.

Doster, C.J., Smith, Ellis, Pollock, JJ., concurring.

Greene, J., dissenting.

JOHNSTON, J. (dissenting) : The question we have here for decision is,  Does the interregnum, or exceptional term of one year, which under the biennial-election law intervenes between the regular official terms of a sheriff, constitute a part of the second consecutive term held by a sheriff ?   To put it in another form, Can a sheriff who has held two successive terms legally hold the succeeding special term of one year from January, 1902, until January, 1903 ?   Or, to make the proposition more succinct and simple, Can a person hold the office of sheriff for more than two consecutive terms ?   I have no doubt at all that this question should be answered in the negative, and I am authorized to say that Mr. Justice GREENE joins with me in this dissent.   The controlling constitutional provision, omitting that in relation to county commissioners, reads as follows :

"All county officers shall hold their offices for the term of two years, and until their successors shall be qualified,   .   .   .   but no person shall hold the office of sheriff or county treasurer for more than two consecutive terms."

For reasons sufficient to the makers of the constitution, an exception was made as to sheriffs and county treasurers.   It was thought advisable that they should surrender their offices, so that a full and final settlement might be made after an incumbency of two terms.   To that end the constitution prohibits the holding for more than two consecutive terms.

But it is said that the constitution also provides for holding over, and that the one-year interval resulting from the passage of the biennial-election law is necessarily a part of the second term, and not something in addition to it.   If it were a succession of regular

terms, or of regular and special terms, and a sheriff were holding over a few days until his successor, who had been. elected or appointed, should qualify, there would be force in the contention of the defendant. It is not an indefinite holding over between successive terms that is involved here, but the question is whether the legislature did or could add a fixed period, a special or exceptional term, to the two consecutive terms limited by. the constitution. If the theory of the prevailing opinion obtains, it results in a sheriff's holding three consecutive terms—that is, two regular terms and a special or exceptional term. The constitution limits the term of a sheriff to two years, and will it be said that the legislature can purposely add a special term of one year to the regular term, and thus lengthen the official term to three years?

In *The State v. Thoman*, 10 Kan. 191, and *Peters v. Board of State Canvassers*, 17 id. 365, the question of the power of the legislature to change official terms was under consideration, and it was held that the constitution was the paramount law, above legislatures and courts, and that, when the constitution fixes the duration of the term, "it was not in the power of the legislature to extend or lengthen that term either directly or indirectly."

In *Hagerty v. Arnold*, 13 Kan. 367, the question of adding a special term to a regular one was before the court, and it was again held that the terms of county officers being limited to two years, the legislature was powerless either to lengthen or to abridge them, and surely courts ought not to undertake it. The same view was expressed in *The State, ex rel., v. Foster*, 36 Kan. 504, 13 Pac. 841; *Horton v. Watson*, 23 id. 229; *The State, ex rel., v. Breidenthal*, 55 id. 308, 40 Pac. 651;

Pruitt v. Squires.

*Wilson v. Clark*, 63 id. 505, 65 Pac. 705; *The State v. Andrews*, ante, p. 474, 67 Pac. 871.

In *Wilson v. Clark*, supra, a vigorous attack was made on the biennial-election law because it operated to add one year to official terms. To meet this contention, the court held that the one-year period was not added to or taken from any regular term; that it was a term of itself, for which the legislature could provide, and which might be filled as was provided in the act itself or in the general provisions of the statute relating to the appointment and election of officers. In regard to postponing elections for a fixed term of one year, it was there said that "if it appear that it was done merely to extend official terms and as a favor to incumbents of offices, there might be occasion for judicial interference and condemnation," and this view was reiterated and reaffirmed in *The State v. Andrews*, supra.

Is the interval of one year a part of defendant's second term, or is it an exceptional term in itself? As already said, the hold-over provision was intended to apply to cases where one regular term follows another, and the incumbent is entitled to hold for an indefinite time until his successor, chosen under the law, shall be qualified. The intervening period of one year is not an indefinite one. It is a fixed period or term, and no authority cited in either the briefs or the majority opinion holds that a determinate period or special term can be added to a limited constitutional term, and especially can it not be added to two consecutive terms where a constitutional provision prohibits a person from holding more than two such terms. The writer of the majority opinion understood the force of this rule, because in both opinion and syllabus he says that the constitutional term of the

sheriff is for two years certain and for an indeterminate and uncertain period thereafter, designated by the phrase, "and until their successors shall be qualified." No court or judge has been so reckless as to say that the hold-over provision included a determinate and certain period fixed by the legislature, and this court has substantially declared that a fixed intervening period, like the one in question, is an exceptional term and cannot be added to two consecutive terms.

It was not necessary to wander off into other states whose constitutions are unlike our own for authority in this case. From *Hagerty v. Arnold*, supra, decided in 1874, down to *The State v. Andrews*, supra, decided a few days ago, it has been uniformly held that a fixed interval of time, like the one in question, is an exceptional term, and not a part of a regular one. The question for determination in *Horton v. Watson*, 23 Kan. 230, was almost identical in principle with the one we have here. The legislature of 1875 readjusted the terms of county treasurers by postponing the commencement of the term from the first Tuesday of July, 1876, until the second Tuesday of October, 1876, and the question there, as here, was whether an interval of three months and one week constitutes a part of the preceding regular term, or was a special term. Watson, who had held the office for two terms before the intervening period, was elected for the succeeding regular term, and during the interregnum another person, duly appointed, occupied the office. It was contended that Watson was ineligible because the interval was a part of his second term, and the fact that some one else had occupied the office during the interval would not qualify Watson to take the succeeding term. The court, however, expressly held that the in-

terval was no part of either the preceding or succeeding regular terms.   Speaking of the constitutional limitation, that county officers shall hold their office for the term of two years and until their successors shall be qualified, the court said :

"They shall hold the office during their full term of two years ; and then, *in addition* to their term, they shall hold until their successors are qualified.   *This addition is evidently no part of their term.*   It comes out of their successor's term, and is a part of their successor's term.   The beginnings and the endings of terms are fixed by law.   But a successor may give a portion of his own term to a predecessor, if he chooses. . . .   If he gives a portion of his term to his predecessor, it being no part of his predecessor's term, it has been held that the sureties of his predecessor are not responsible for defaults occurring during such period of time. . . .   Watson's second term expired absolutely and completely on the first Tuesday of July, 1876, and his third term did not commence until the second Tuesday of October, 1876.   Hence, here was an interregnum, an intervening space of time of over three months, separating these two terms and *not belonging to either.*"   See, also, *Monger v. County Commissioners,* 22 Kan. 318 ; *Johns v. Hastings,* 22 id. 464 ; *Riddle v. School District No. 72,* 15 id. 168.

In the majority opinion it is said that the remarks of the court in the Watson case are not applicable to the facts in this case, and when "wrenched" from their connection and deprived of the light thrown upon them by their appropriate facts they become quite misleading when applied to this case.   In that case the question was whether the interregnum was a part of Watson's second term or a term of itself ; and the question here is whether the interregnum is a part of the defendant's second term or a term of itself.   In discussing the hold-over provision of the constitution as applied to county officers, the court,

in the Watson case, noted the exception as to sheriffs and county treasurers and said :

"Sheriffs and county treasurers, like other officers, may hold their offices until their successors are qualified, but they cannot hold in any case for more than two consecutive terms.   When their second term ends their right to hold the office ends.   They cannot then hold over and into their successor's term, *as at the close of their first term they might, or as other county officers might*.   The constitution does not say that they may hold the office for two consecutive terms and until their successors are qualified, but it says they shall not hold for more than two consecutive terms."

If the period from January, 1902, to January, 1903, is an exceptional term, something in addition to the regular terms, then it cannot be added to defendant's term, because, defendant having already held two consecutive terms, the constitution inhibits the addition of another, whether it be regular or exceptional.

In *Davis v. Patten*, 41 Kan. 480, 21 Pac. 677, the question was again involved whether anything can be added to the constitutional limitation of two consecutive terms.   Patten was elected county treasurer at the organization of the county, and served a period of about six months, when he was elected for a regular term.   At the end of that time he was elected for a second regular term, and the question arose whether the special term of six months, which preceded the first regular term, could be added to the constitutional limitation of two consecutive terms.   The court quoted approvingly the rule laid down in the Watson case, saying that the constitution limits the incumbency to two terms ; that it does not mean four years, but it says that the treasurer shall not hold the office for more than two consecutive terms.   "Now, if he should hold the office for a part of one term and then for the

whole of the next term, he could not be eligible to be elected for still another term, for that would give him the office 'for more than two consecutive terms.'" It is said that the statement of the law is exactly applicable to the Patten case; that Patten had held the office for a part of one term and the whole of the next, and, therefore, was not eligible for still another term, and that without respect to whether the term was called an interregnum or exceptional term. It was said that "whatever it may be designated, it is a holding of the office which, when added to two regular terms, would exceed the constitutional limit of continuous service." In referring to the *Hagerty v. Arnold* case, supra, it was said:

"Nothing in the decision, however, sanctioned the idea that an exceptional term or other period of service could be added to the constitutional limit restricting the continuous service of a county treasurer to two consecutive terms. . . . When that time expires his right longer to hold the office absolutely ends, although his successor may not be ready to assume its duties. If he cannot hold it for a few days at the end of the period until his successor qualifies, how can six months be added to the limitation at the beginning of his time of service? The object of the constitutional restriction, as stated in *Horton v. Watson*, supra, was to require him to go out of the office for a time, and deliver to another all the funds, books, papers, etc., belonging to the office, so that a full, complete, honest and final settlement could be made with him."

These cases not only determine that the interval of time between the regular terms is a term of itself which cannot be added to a regular term, but they plainly distinguish between such fixed periods and the hold-over provision of the constitution which applies to a succession of terms. An officer can hold for

the constitutional limit and for an indeterminate and uncertain period thereafter until his successor is qualified, but when the plaintiff, who was appointed by the governor, as the constitution provides, qualified, he was entitled to claim the office of sheriff for the exceptional term and until his successor was elected and qualified. In *Wilson v. Clark*, supra, the interregnum or period of one year was not only treated, but it was specifically designated as an exceptional term, and it was further said that it was competent for the legislature to provide for the filling of such exceptional term. In *The State v. Andrews*, supra, Justice Ellis not only designated this period of one year as an exceptional term, but expressly recognized that the court had alway held such periods to be exceptional terms. In speaking of the exception as to sheriffs and treasurers who have held two full terms he said : "For which reason it may be adjudged that they are ineligible to hold for the *exceptional one* created by this act." Further, in arguing as to the inapplicability of cases presented by the defendant, he remarked :

"In the view we have taken, and under the prior decisions of this court sustaining the creating by legislative enactments of exceptional terms, none of the authorities presented by defendant in this case is applicable. No one of these cases relates to an exceptional term established by special legislation with authority thereby granted to the executive to supply the same."

Thus we see that the court has from the beginning to the end held that a fixed period of time between two regular terms is an exceptional or special term, and therefore cannot constitute a part of a regular term under the hold-over provision of the constitution. So, I will say, as was said in the Patten case, it is immaterial whether the period of time from the second

Monday of January, 1902, to the second Monday of January, 1903, be called an interregnum or an exceptional term. Whatever it may be designated, it is a holding of the office, which time, added to the second regular term already held by this defendant, would exceed the constitutional limit of continuous service.

The decisions cited in the majority opinion from other states are founded upon constitutional provisions declaring that the officers shall hold until a successor is *elected* and qualified, while ours is until a successor is *qualified*. The distinction between the two provisions was discussed in *Wilson v. Clark*, supra, and that difference renders the cases cited inapplicable. The defendant being ineligible to hold the office for the exceptional term, the duty, under the general provisions of the statute, devolved upon the governor to fill the vacancy by appointment. The plaintiff was duly appointed, he duly qualified, and is entitled to the office.