No. 18,796.

C. DYSON, *Appellant,* v. B. F. BUX et al., *Appellees.*

SYLLABUS BY THE COURT.

1. DECISION — *On Former Appeal — When Conclusive.* While ordinarily a decision made by a court in a case settling a rule of law should be regarded as binding in a later trial of the case such a decision is coëxtensive only with the facts on which it is based.

2. DEED—*Reservation—Party Wall.* On the facts of the case, including the language used in an exception in a deed of conveyance, it is held that the seller of a city lot did not effectually reserve to himself a part of a wall erected upon the lot sold.

Appeal from Shawnee district court, division No. 1; ALSTON W. DANA, judge. Opinion filed April 11, 1914. Affirmed.

*W. R. Hazen,* of Topeka, for the appellant.
*Edwin D. McKeever,* of Topeka, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: The controversy in this case centers on the ownership of the north half of the stone wall of a building situated upon lot sixty-one, on Kansas avenue, in the city of Topeka, and whether or not there has been a conversion of that wall by Bux and

Stadel, who claim that they purchased it with all the structures and improvements thereon. The case was here before, but the only question presented on that appeal was whether the petition of Dyson, who sold the lot to Bux and Stadel, stated a cause of action. (*Dyson v. Bux,* 84 Kan. 596, 114 Pac. 1092.) In Dyson's petition it was alleged that he orally contracted to sell the north half of the wall on lot sixty-one to one Bauerlein, but before it was complete a sale of the lot was made to Bux and Stadel, and that at that time he informed them that the sale did not carry the one-half of the wall as he had already agreed to sell that part of it to Bauerlein, and that the deed subsequently executed to Bux and Stadel described the property conveyed as "lot sixty-one (61) on Kansas avenue, and improvements thereon which consist of one-half each of the north and south walls of said building." There was a charge in the petition, too, that Bux and Stadel conspired with Bauerlein to defraud Dyson, and that Bauerlein thereafter refused to complete the purchase of the wall, but did purchase the same from Bux and Stadel and used that wall as a part of the building which he erected on the adjoining lot. When the ruling on the demurrer had been reviewed and the case remanded for a new trial Bux and Stadel filed an answer to the effect that the purchase of lot sixty-one covered the lot and everything on it, including the entire north wall, that Dyson, knowing that he had agreed to convey the lot and all of the improvements upon it, undertook to defraud them by having the scrivener put into the conveyance a peculiar exception, and attempted to defraud Bux and Stadel, who were unfamiliar with legal papers, by inserting a clause having for its purpose the reservation of half of the north wall on the lot which they had in fact purchased and which entered into the consideration that they paid for the lot. In support of their averments testimony was offered to the effect that Bux, who conducted the negotiations, expressly told Dyson

that he wanted the deed to include all of the improvements upon the lot, and that Dyson said, "All right," that Dyson selected a scrivener and directed him what to write in the instrument of conveyance; that Dyson informed Bux, in explanation of the exception, that half of the wall was not upon lot sixty-one but was upon the adjoining lot; that afterwards he claimed to own a part of the wall, and that when Bux insisted that they had purchased the lot and all that was on it Dyson said, "We can work that all right," that Bauerlein wants the wall and "we will get $500 for it and divide up." Bux replied that "if the wall is on our lot we want it, and if it is n't we don't want it." After considerable testimony relating to the circumstances of the sale and the charges and countercharges of fraud the jury made special findings which exculpated Bux, Stadel and Bauerlein from the charge of committing a fraud upon Dyson and returned a general verdict in favor of appellees.

Dyson appeals, and insists that there was a determination on the former appeal to the effect that he was the owner of an interest in the wall and that the question is not now open to reëxamination. That decision, as we have seen, only went to the extent of determining that the allegations of the petition stated a cause of action. The exception in the instrument is ambiguous in its terms. The court did not hold that the words of the exception alone were sufficient to show that a reservation of one-half of the wall had been made. The ruling was based on the words in the clause explained and supplemented as they were by the allegations of the petition as to the terms of the preceding oral contract and the circumstances showing the intention of the parties. The petition alleged that Bux and Stadel understood and agreed that they were not acquiring all of lot sixty-one, but that Dyson was reserving to himself one-half of the wall on the lot. The testimony tended to show and the finding of the jury

was to the effect that the appellees did not understand or agree that any part of lot sixty-one should be reserved, but that instead of reserving one-half of the wall that appellant represented and they understood it to be upon lot fifty-nine adjoining. They bought lot sixty-one and every wall or structure on it, and were led to believe that they could not acquire all of the wall of the building on the lot, and that one-half of the north wall was excepted from the deed because appellant did not own it and had represented it to be upon the adjoining lot. This was a fraud upon the appellees, and the testimony was sufficient to warrant the finding that appellant had no cause of action against them for the conversion of the wall.

The decision on the former appeal is not controlling in this one. It is true, as appellant contends, that ordinarily when a principle of law has been settled by a decision it becomes a precedent to be subsequently followed in later appeals, but the rule of *stare decisis* does not apply where the facts are not the same as those involved in the former decision. (11 Cyc. 745.) The facts alleged in the petition of the case which formed the basis of the former decision substantially differ from those alleged in the answer and which were proven upon the trial.

No prejudicial error appearing in the case the judgment of the district court will be affirmed.