No. 23,554.

FRED D. EMRY, by His Father and Next Friend, JULIUS W. EMRY, *Appellant,* v. A. J. CRIPES, doing business as the CRIPES BAKERY, *Appellee.*

SYLLABUS BY THE COURT.

1. COMPENSATION ACT—*Permanent Partial Disability—How Compensation is to Be Computed.* Under the workmen's compensation act, where a permanent partial disability to a workman's hand is only equivalent to fifty per cent to seventy-five per cent of the total loss of the hand or a total loss of its use, compensation for such injury cannot be awarded by applying the statutory schedule of allowance prescribed for the total loss of the hand or total loss of its use; nor does the statute permit the compensation to be based on a proportionate amount of such scheduled allowance for the total loss of the hand.

2. SAME. Under the workmen's compensation act, where a workman suffers a permanent partial disability, the compensation for which is not definitely prescribed by the statutory schedule for specific injuries, the rule for determining the compensation to be awarded is to make a computation of sixty per cent of the difference in his weekly earning capacity before and after his injury, for eight years; and if this computation results in any sum less than a minimum of six dollars per week for eight years, the disabled workman shall be awarded such minimum.

Appeal from Reno district court; WILLIAM G. FAIRCHILD, judge. Opinion filed March 11, 1922. Reversed.

A. C. Malloy, R. C. Davis, and *Warren H. White,* all of Hutchinson, for the appellant.

C. M. Williams, D. C. Martindell, both of Hutchinson, and *J. W. Rogers,* of Kansas City, Mo., for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This was an action under the workmen's compensation act for injuries to plaintiff's hand in a bread-moulding machine in defendant's bakery.

· The jury allowed compensation in the sum of $1,500 less a credit of $95.70 for payments already made by defendant before the action was begun.

The jury answered some special questions:

"Q. No. 1. State whether you find that the plaintiff is permanently partially disabled. A. Yes.

"Q. No. 2. State what you find to be the average weekly earnings of a workman in the same grade employed at the same or similar work to that in which the plaintiff was employed at the time of the accident by the same employer. A. $20.00.

"Q. No. 3. If you find that no workman was employed by the defendant in the same grade and at the same work as the plaintiff for a year preceding the accident, then state what you find to be the average weekly earnings of a person in the same grade employed by some other employer in the same district at the same or similar work or employment. A. $20.00.

"Q. No. 4. Is the plaintiff's injury of such a nature that he will suffer a disability partial in character but permanent in quality? A. Yes.

"Q. No. 5. Did plaintiff's injury entirely destroy the use of his hand? A. No.

"Q. No. 6. If you answer the above interrogatory in the negative, then·to what extent did plaintiff's injury impair the use of his hand? A. Fifty per cent to seventy five per cent. ·

"Q. No. 7. Was the injury to plaintiff's hand less than the loss of his hand, or the loss of the use of his hand? A. Yes.

"Q. No. 8. What do you find to be the per cent of the use of plaintiff's hand as compared with the entire loss of said hand or the entire loss of the use of said hand? A. Twenty-five per cent to fifty per cent."

Judgment was entered for plaintiff, and both parties appeal—the plaintiff because it is too little, and the defendant because it is too much.

The trial court determined the amount of compensation to be awarded by applying the statutory rule—

"(c) Where disability, partial in character but permanent in quality, results from the injury . . . compensation in a lump sum shall be paid as provided in the following schedule . . . [but] in no case less than $6 per week nor more than $12 per week. :

"(11) For the loss of a hand, 50 per cent of the average weekly wages during 150 weeks. ·

"(22) *Loss of use.* Permanent loss of the use of a hand, arm, foot, leg or

eye, as a direct result of an injury, shall be considered as the equivalent of the loss of such hand, arm, foot, leg or eye." (Excerpts from section 3, chapter 226, Laws of 1917, pp. 306-308.)

If this were the proper rule to apply the judgment was correct; but both sides agree that such is not the proper rule, and they are both measurably right on this point, because the jury determined that the hand was not rendered altogether useless, it was not a total loss, but only diminished in usefulness from fifty per cent to seventy-five per cent.

The defendant asked for an instruction in the trial court, and contends to the same effect here, that since the injury to the plaintiff's hand only impaired its usefulness fifty to seventy-five per cent, he could only recover fifty per cent to seventy-five per cent of the amount allowed by the statute for the loss of a hand or permanent loss of its use. Whatever plausibility there might be in that contention as a mere abstract theory, the complete answer to it lies in the fact that the matter is not governed by abstract principles of law but, as we shall see, by a pertinent provision of the statute itself. That provision reads:

"(19) . . . In case of partial disability *not covered by schedule* the workman shall receive during such period of partial disability not exceeding (8) eight years, 60 per cent of the difference between the amount he was earning prior to said injury as in this act provided and the amount he is able to earn after such injury." (Laws 1917, ch. 226, § 3, p. 307.)

Certainly this provision is pertinent to the matter under consideration. In this case, the amount which the plaintiff is able to earn since the injury to his hand was not determined, but that must be ascertained before this case can be fully disposed of.

The plaintiff, however, contends for another rule—the one which, in addition to the one last quoted, fixes a minimum of six dollars per week, if the "60% of the difference" rule does not amount to that minimum. He relies on the case of *Stefan v. Elevator Co.,* 106 Kan. 369, 187 Pac. 861, where it was held that the maximum and minimum limitations of six dollars to twelve dollars per week cover cases of partial disability not covered by the schedule. The court's opinion, in part, reads:

"Section 3 of chapter 226 of the Laws of 1917 is devoted to the subject of amount of compensation. The section is divided into three major paragraphs. . . . Paragraph three is subdivided. Subdivision 'c' commences with an un-numbered introductory paragraph . . .

"Then follow twenty-three numbered paragraphs. The first eighteen deal with specific injuries. . . .

"Paragraphs 10 and 16 are interpretative, and are similar in character to paragraph 22. . . .

"How compensation provided for in paragraph 19 shall be computed is a question of some difficulty. The earnings before and after injury referred to are evidently average weekly wages, computable in the usual way; but no maximum and minimum limit is affixed. In one sense that which is referred to in the introductory paragraph of division 'c' as 'the following schedule,' ends with paragraph 18. Paragraph 22, however, is as much a part of the schedule as paragraph 10 or paragraph 16; so that, to the extent necessary, all the numbered paragraphs may be said to constitute the schedule. Major paragraphs 1 and 2 of section 3 fix maximum and minimum amounts of compensation. Major paragraph 3 discloses a distinct purpose to fix a weekly wage basis with a maximum and minimum limit for the computation of compensation in all cases, unless paragraph 19 of division 'c' be an exception. It will not be assumed the policy was abandoned in paragraph 19, and the court is of the opinion the provision contained in the introductory paragraph of division 'c'— 'the compensation to be in no case less than $6 per week nor more than $12 per week'—applies to the disability covered by paragraph 19. Without proof that 60 per cent of the difference between earnings before and after injury would equal or exceed $6 per week, the plaintiff is entitled to the minimum for the period of eight years less one week, on account of permanent partial disability found by the jury . . ." (pp. 371, 373.)

Under this authority—and a majority of the court continues to adhere to it—the plaintiff's principal contention is correct. The plaintiff is entitled to sixty per cent of the difference between his past and present earning capacity computed for eight years, and if that computation produces a minimum of less than an average amount of six dollars per week his compensation shall be raised to that sum. That this may result in a greater compensation for a permanent partial disability of his hand than for a total loss of it or a total loss of its use is merely one of the possible inconsistencies which sometimes attend the application of general laws to particular cases, but such peculiar results are subject only to legislative correction and not to judicial nullification. (*Close v. Mining Co.,* 105 Kan. 257, 182 Pac. 392.)

The judgment is reversed and the cause remanded for the ascertainment of the plaintiff's present earning capacity, and to apply the "60% of the difference" rule thereto, with the further direction that if such rule does not produce the statutory minimum of six dollars per week, that he be allowed that sum for eight years, less deductions for advances already paid.

DAWSON, J. (dissenting in part): The *minimum* and *maximum* allowance per week *for eight years* does not apply except in the

specific instance where the statute says it shall apply. It applies in cases of total permanent disability. The minimum and maximum weekly allowance, for the particular times fixed, in the numerous other specified cases mentioned in the statutory schedule (none of which is for eight years) applies to those specified cases, and for the times fixed in those cases. To illustrate, the schedule, page 306, Session Laws of 1917, provides:

"(1) For the loss of a thumb, 50 per cent of the average weekly wages during 60 weeks."

Now, if a workman should lose a thumb, and his average weekly wages had been $20 per week, then fifty per cent of twenty dollars for sixty weeks would amount to $600. That would satisfy the minimum requirement of six dollars per week for sixty weeks, and it would not exceed the maximum of twelve dollars per week for that period. If his wages had been fifty dollars per week, fifty per cent of such amount for sixty weeks would be $1,500, but the maximum allowance is twelve dollars per week, so, notwithstanding this computation, his maximum allowance could not exceed $720. On the other hand if his average weekly wages had been only eight dollars, fifty per cent of that amount for sixty weeks would only be $240, but that sum would not satisfy the statutory minimum which in the supposed case would be six dollars per week for sixty weeks, or $360. This is according to the schedule.

But the plaintiff's case is not covered by the schedule. It is squarely within the provision governing injuries "not covered by schedule" quoted in the main opinion—sixty per cent of the difference between twenty dollars per week and the amount he is now able to earn, computed for eight years. To determine his present earning capacity and to make the proper computation for his compensation thereon in accordance with the foregoing, the judgment of the district court should be reversed and remanded.

But I do not assent to any result which can lead to an allowance of two or three times as much as a permanent partial injury to plaintiff's hand as the legislature has specifically fixed for the total loss of it or a total loss of its use. I cannot assent to thrusting into the schedule a case not covered by the schedule and one expressly excluded therefrom; and while I would by no means disregard an express statutory provision, I deem it proper, always, to search for an interpretation of a statute which will avoid giving it an illogical result. Take the example of the lost thumb again. The minimum

allowance is $360; the maximum $720; but for a permanent partial loss of it, the minimum, under the rule here applied, must be $2,496. And this minimum must be awarded however slight the disability, if it is sufficiently serious to require any compensation at all. To this extent I dissent.

PORTER, J., and MARSHALL, J., concur in this partial dissent.