No. 24,033.

EULATE ANDERSON, *Appellee,* v. THE COMMONWEALTH OIL & REFINING COMPANY, *Appellant.*

SYLLABUS BY THE COURT.

1. COMPENSATION ACT—*Compensation for Partial Disabilities.* The interpretation placed upon the rules prescribed in the workmen's compensation law for the computation of compensation for disabilities of injured workmen in *Stefan v. Elevator Co.,* 106 Kan. 369, 187 Pac. 861, and *Emry v. Cripes,* 110 Kan. 693, 205 Pac. 598, approved and followed.

2. SAME—*Judgment in Lump Sum or Periodical Payments—Discretion of Trial Judge.* Where a jury is called in an action to recover compensation, which returns a general verdict with special findings of fact, the judgment is to be entered according to the provisions of the workmen's compensation law, and the discretion vested in the court by that law as to whether judgment for compensation shall be awarded in a lump sum or in periodical payments may be exercised by the court although a general verdict has been returned by the jury.

Appeal from Allen district court; ROBERT E. CULLISON, judge. Opinion filed May 6, 1922. Affirmed.

*Baxter D. McClain,* of Iola, for the appellant.

*Oscar Foust, John W. Brown,* and *Kenneth H. Foust,* all of Iola, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This is an appeal in a compensation case in which verdict and judgment went in favor of the plaintiff.

Defendant complains of the amount awarded, insisting that the verdict and findings have not sufficient support in the evidence. Plaintiff was a pumper at defendant's oil plant and because of an alleged defect in the machinery his arm was caught therein and his body was carried around striking the ground at each revolution with the result that his arm was broken in six places, a number of ribs were broken and his body badly bruised. A fragment of the broken bones punctured his left lung, his throat and vocal chords were injured and the knee and ankle of his right leg were so injured that they have been permanently weakened and stiffened. Plaintiff brought his action in two counts, one for common-law damages, and the other under the workmen's compensation law. He demanded arbitration of the claim for compensation, but the demand was refused by the defendant. It is conceded that plaintiff and de-

fendant were both within the operation of the compensation law
and that the claim is one that may be adjusted under that law.
While the plaintiff set up a claim for damages the case was tried
out on the theory of compensation and the rulings relating to the
common-law feature are no longer material. The jury returned a
verdict fixing the total compensation of the plaintiff at $7,433.63,
and by answers to special questions indicated the amounts awarded
for the several disabilities which resulted from the injuries sus-
tained. The sum of $2,520 was allowed for the loss of his arm; $180
for total temporary disability; $150 for hospital treatment, includ-
ing nursing; and for partial permanent disability other than the
loss of his arm, $4,576 was awarded.

The judgment of the court was that the plaintiff recover in a
lump sum $3,238.96 for the loss of his arm, total temporary dis-
ability, hospital and medical attention, unpaid installments past
due for partial permanent disability, and $7.63 as interest. It was
further adjudged that he recover $4,194.67 for partial permanent
disability, other than that mentioned, payable in periodical install-
ments at the rate of $47.66⅔ per month, on the first day of each
month until final payment was made.

The defendant contends that an excessive award of compensa-
tion was made. It is conceded that the allowance made for the loss
of plaintiff's arm, hospital and medical service was just and legal
and there is little dispute or occasion for dispute as to the award of
$180 for temporary total disability. The principal contention is
that the allowance of $4,576 for partial permanent disability other
than the loss of the arm was not supported by sufficient evidence
and that, as this award exceeded what could have been allowed for
total disability, it is unwarranted under the law fixing compensa-
tion for injured workmen. It is said that the theory of the compen-
sation law is to allow a lower rate for partial than for total dis-
ability, and that contrary to the evident purpose of the legislature,
the trial court allowed greater compensation than if the plaintiff
had been totally disabled by his injuries. This feature of the law
and what is called the illogical result of this interpretation, were
challenged by counsel and considered by the court in two recent
cases. (*Stefan v. Elevator Co.,* 106 Kan. 369, 187 Pac. 861; *Emry
v. Cripes,* 110 Kan. 693, 205 Pac. 598.) Every contention advanced
in this case was brought to the attention of the court and given
careful consideration in those cases, and no reason is seen for plac-

ing a different construction on the statutory rules of computing compensation from that expressed in the cited cases. It was competent for the legislature to make classifications of disabilities and prescribe the rules to be applied in measuring the compensation for each class. The legislature prescribed a measure for certain scheduled disabilities, and a different rule for partial disabilities not scheduled. The fact that the application of these rules may seem to some to operate unjustly, requires a close scrutiny of the act to ascertain the legislative intent, but affords no ground for the court to substitute rules different from those enacted by the legislature. If the practical operation of the law is found to bring disproportionate or unjust results, it may be assumed that the legislature will amend it, but this is a function which belongs alone to that body. As the act is written the court is constrained to follow the construction placed upon the rules for computing compensation in *Stefan v. Elevator Co.*, supra, and *Emry v. Cripes*, supra. (See, also, *Close v. Mining Co.*, 105 Kan. 257, 182 Pac. 392.)

In a cross appeal by the plaintiff, he complains of the refusal of the court to enter judgment in a lump sum on the verdict returned. The compensation act provides its own rules as to the compensation to be awarded and the nature of the judgment awarding it. Where an action to recover compensation is permissible, a jury is deemed to be waived, but one may be called if either party asks for it within ten days after the issues are joined. The findings of the jury when made are advisory so far as the character of the judgment is concerned. That is a matter within the discretion of the court. It is provided that—

"The judgment in the action, if in favor of the plaintiff, shall be for a lump sum equal to the amount of the payments then due under this act, with interest on the payments overdue, or, in the discretion of the trial judge, for, periodical payments, as in an award," etc. (Laws 1917, ch. 226, § 20.)

In the same section an exception is made to the effect that a lump-sum judgment shall not be rendered for an injury not ascertainable by an objective examination. Under the act the trial court was warranted in adjudging that payments for the partial permanent disability should be made periodically as in an award. (*Raffaghelle v. Russell*, 103 Kan. 849, 176 Pac. 640.)

The judgment is affirmed.

DAWSON, J. (dissenting): I am not unmindful of the potency and general usefulness of the rule of *stare decisis*, that a judicial

principle repeatedly declared should be followed until the legislature corrects or changes it. This is especially true when time has crystallized this rule into well-established law. Yet this court has repeatedly emancipated itself from the bondage of a prior fallacious ruling or precedent. We gave a typical example of this not long ago, in *Adkinson v. Noonan,* 110 Kan. 335, 203 Pac. 694, where an important provision of the state constitution came up for reëxamination, and in which the interpretation given thereto in *Pruitt v. Squires,* 64 Kan. 855, 58 Pac. 643, twenty years before, was overruled. In that case there was room for debate as to which was the proper interpretation. Here, as I understand it, there is no room for debate that the interpretation of subparagraph 19 of section 3 of the workmen's compensation act as given in the Stefan case is erroneous, not necessarily as applied to that particular case, but as a general rule of interpretation applicable to all cases. It was not until the Emry-Cripes case came before us a month or two ago that the interpretation of subparagraph 19 of section 3 as given in the Stefan case was discovered to be incapable of general application without doing violence to justice and legislative intent. I therefore submit a tabulated computation of the scheduled allowances for total loss or total disability of members of the body, and also the allowances for partial loss or partial disability under the rule of the Stefan case, to demonstrate that that rule works injustice and obviously perverts the legislative intent, not occasionally as suggested in *Close v. Mining Co.,* supra, but in every case which can arise. (Laws 1917, ch. 226, pp. 306, 307.)

| Member. | Statutory allowance for total loss or total disability. | | Stefan Rule allowance for partial disability. | |
|---|---|---|---|---|
| | Minimum. | Maximum. | Minimum. | Maximum. |
| 1. Thumb | $360 | $720 | $2,496 | $4,992 |
| 2. 1st finger | 222 | 444 | 2,496 | 4,992 |
| 3. 2d finger | 180 | 360 | 2,496 | 4,992 |
| 4. 3d finger | 120 | 240 | 2,496 | 4,992 |
| 5. 4th finger | 90 | 180 | 2,496 | 4,992 |
| 7. Great toe | 180 | 360 | 2,496 | 4,992 |
| 8. Any other toe | 60 | 120 | 2,496 | 4,992 |
| 11. Hand | 900 | 1,800 | 2,496 | 4,992 |
| 12. Arm | 1,260 | 2,520 | 2,496 | 4,992 |
| 13. Foot | 750 | 1,500 | 2,496 | 4,992 |
| 14. Leg | 1,200 | 2,400 | 2,496 | 4,992 |
| 15. Eye | 660 | 1,320 | 2,496 | 4,992 |
| 17. Hearing (both ears) | 600 | 1,200 | 2,496 | 4,992 |
| 18. Hearing (one ear) | 150 | 300 | 2,496 | 4,992 |

The precedents relied on are so recent, and so clearly wrong, that they should be disregarded, and subparagraph 19 of section 3

should be simply construed to mean that for any partial disability not covered by the schedule the workman's compensation should be 60 per cent of the difference between the amount he was earning prior to said injury and the amount he is able to earn after such injury and that such allowance should be given him during such period of partial disability not exceeding eight years, without any maximum or minimum restrictions which are neither within the text nor the intent of the subparagraph pertaining thereto.

I am authorized to say that Mr. Justice Porter and Mr. Justice Marshall join in this dissent.