No. 24,657.

HELEN BURCHETT, a Minor, by NORA BURCHETT, Her Mother and Next Friend, *Appellee,* v. THE PROCTOR & GAMBLE MANUFACTURING COMPANY, *Appellant.*

SYLLABUS BY THE COURT.

1. COMPENSATION ACT—*Continuance Asked—Affidavit Admitted as Evidence of Absent Witness—No Error.* The defendant asked for a continuance of the case because of an absent witness, supported by an affidavit reciting the facts which the affiant believed the witness would prove. The adverse party consented that the facts alleged in the affidavit should be read and treated as the deposition of the absent witness. The continuance was refused. *Held,* that the refusal was not error.

2. SAME—*Requested Special Questions—Refusal Not Error.* The refusal to submit special questions requested is not error where the pertinent ones requested relating to disputed facts were covered by those submitted by the court to the jury.

3. SAME—*Earning Capacity of Plaintiff—Special Findings Not Inconsistent.* The special findings as to the earning capacity of the plaintiff after the injury, are held not to be inconsistent with each other.

4. SAME—*Method of Computing Compensation.* The facts in the case bring it within the rule announced in *Stefan v. Elevator Co.,* 106 Kan. 369, 187 Pac. 861, and that rule is followed and applied.

Appeal from Wyandotte district court, division No. 2; FRANK D. HUTCHINGS, judge. Opinion filed July 7, 1923. Affirmed.

*Arthur J. Stanley, Guy E. Stanley,* both of Kansas City, *R. R. Brewster,* and *W. B. Bostian,* both of Kansas City, Mo., for the appellant; *Judson S. West,* of Kansas City, of counsel.

*J. H. Brady,* and *T. F. Railsback,* both of Kansas City, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was an action by the plaintiff to recover compensation for an injury sustained while she was in the employ of the defendant. It resulted in an award of $2,529, and from the judgment rendered defendant appeals.

Complaint is made of the refusal of the court to grant a continuance on account of the absence of a medical witness. The affidavit supporting the motion set forth the testimony that the witness would give if he were present. Plaintiff consented that the affidavit should be read as the deposition of the witness. The court following the provisions of section 315 of the civil code denied the application and the affidavit was treated and used as the deposition of the absent witness. There was no error in the ruling.

Error is assigned on rulings, first, in refusing to set aside the special findings returned by the jury and also in the denial of defendant's motion for judgment on the special findings. The plaintiff claimed compensation for an injury resulting from her hand being drawn into a cog machine in defendant's plant which cut off the first joint of her index finger and crushed the end of her second finger, severing the nerve and destroying the tissue resulting in a neuroma. She averred that the injury causes shooting pains in the wrist and arm which reach the shoulder, that she is unable to grip articles with that hand and her ability to perform ordinary manual labor is greatly lessened, and further that the injury has caused a partial permanent disability. The special findings are that plaintiff was partially and permanently incapacitated for labor by the injury, that it had existed since March 17, 1920, that for a short period she had been able to earn $13.50 per week, that she had been permanently incapacitated for work in other ways than by the loss of the index finger. That her average weekly wages for a period of five years immediately prior to her injury had been $15.70 per week, and that the amount she has been able to earn since her injury was $11.95 per week. It is contended that the evidence did not warrant the findings as to the injury to the second finger and hand other than the loss of the index finger, but a reading of the record satisfies us that the evidence is abundant to sustain the finding, both as to the effect and duration of the injury.

It is said that there is an inconsistency in the findings in that one

answer stated that she had received $13.50 per week for a period that she had worked, and the other saying that she was able to earn $11.95 per week after receiving the injury. It appears that she returned to work for defendant after a partial recovery from the injury but was unable to continue and for that short period she had been paid at the rate of $13.50 per week. Whatever amount she received in the attempt to come back, the jury made a specific finding as to her earning capacity in the future. The explanation shows that there is no real inconsistency and that the claimed conflict furnishes no ground for setting aside the findings or for the reversal of the judgment.

Some special questions requested by the defendant were not submitted to the jury. Those which were pertinent and proper upon disputed facts, however, were sufficiently covered by the questions which the court did submit and there is no cause for complaint on this score.

There is a contention that the compensation awarded was excessive principally upon what is called the disparity between the award authorized by the statutory schedule for the loss of a finger or other specific injury, and the amount awarded for the unscheduled injury to the second finger and hand. The injury·to the hand and arm other than the loss of the index finger comes fairly within the rule of *Stefan v. Elevator Co.,* 106 Kan. 369, 187 Pac. 861, and *Emry v. Cripes,* 110 Kan. 693, 205 Pac. 598. We are asked to reconsider and reconstrue the provisions of the compensation act which provide a schedule for specific injuries and those not covered by the schedule which enacts a rule for measuring the compensation a workman shall receive for permanent partial disability and an extended and interesting argument has been made in opposition to the view already taken by the court. These provisions were carefully considered and construed in the Stefan case decided in February, 1920, and were again considered and the former holding approved in the Emry case. There have been two sessions of the legislature since the provisions of the statute in question were interpreted but no change has been made in them evidencing that the construction placed upon the statute was not out of line with the legislative purpose. We see no occasion to renew the discussion or to add anything to the reasons that have been given and the view taken.

The judgment is affirmed.