No. 25,444.

DAISY SMITH, *Appellee*, v. CUDAHY PACKING COMPANY, *Appellant*.

SYLLABUS BY THE COURT.

WORKMEN'S COMPENSATION ACT — *Compensation Allowable for Injury to Thumb and First Finger Greater Than Loss of Thumb and Finger—One Who Elects to Accept Terms of Law Bound by Its Terms.* If the provisions of the workmen's compensation act as interpreted by this court, under which a larger amount is sometimes allowed for an injury to a limb or other member than for its loss, would otherwise make it violative of the fourteenth amendment to the federal constitution, that result is prevented by the fact that the statute binds only those who have voluntarily elected to accept its terms.

Appeal from Wyandotte district court, division No. 3; WILLIAM H. MCCAMISH, judge. Opinion filed April 5, 1924. Affirmed.

*J. E. McFadden,* and *O. Q. Claflin,* jr., both of Kansas City, for the appellant.

*J. K. Cubbison,* and *William G. Holt,* both of Kansas City, for the appellee.

The opinion of the court was delivered by

MASON, J.: Daisy Smith recovered from the Cudahy Packing Company a judgment for $2,490, in addition to an allowance for medical attendance, under the workmen's compensation law. Her injury consisted of the cutting of her thumb and first finger in such a way as to render them permanently stiff. There was evidence also that the use of her hand was impaired. The amount of her recovery was based upon the minimum allowance of $6 a week for 414 weeks for a permanent partial disability. (R. S. 44-510, paragraph 3, clause *c.*) The company appeals, contending that the amount of compensation should have been controlled by items (1) and (2) as qualified by (22) of the schedule of allowances for specific injuries in the section just cited, amounting to $360 for the loss of the use of her thumb and $222 for the loss of the use of her finger. The portions of the statute referred to read:

"Where disability, partial in character but permanent in quality, results from the injury, the injured workman shall be entitled to the compensation provided in paragraph 1 of this section, but shall not be entitled to any other or further compensation for or during the first week following the injury. Thereafter, compensation in a lump sum shall be paid as provided in the following schedule, the average weekly wages to be computed as provided in

section 4 of this act, and the compensation to be in no case less than $6 per week nor more than $12 per week.

"(1) For the loss of a thumb, 50 per cent of the average weekly wages during 60 weeks.

"(2) For the loss of a first finger, commonly called the index finger, 50 per cent of the average weekly wages during 37 weeks.

"(22) Permanent loss of the use of a hand, arm, foot, leg or eye, as a direct result of an injury, shall be considered as the equivalent of the loss of such hand, arm, foot, leg or eye."

It is conceded that to sustain the company's contention would involve the overruling of several recent cases. (*Close v. Mining Co.,* 105 Kan. 257, 182 Pac. 392; *Stefan v. Elevator Co.,* 106 Kan. 369, 187 Pac. 861; *Emry v. Cripes,* 110 Kan. 693, 205 Pac. 598; *Anderson v. Oil & Refining Co.,* 111 Kan. 314, 206 Pac. 900.) The matter having been so recently and so repeatedly passed upon, no further discussion is regarded as necessary. The decisions already made are adhered to and followed.

The further contention is made, however, that under the interpretation given it the statute violates the clause of the fourteenth amendment to the federal constitution relating to due process of law, and that relating to the equal protection of the law, by allowing a greater sum for an injury to the thumb and finger than would be allowed for their entire loss. The measures of compensation prescribed by the act are necessarily approximations and if inequalities sometimes arise from the application of the general rules there laid down we do not think a violation of the constitution results. We perceive no discrimination against the defendant. The provisions challenged may sometimes work to its benefit and sometimes to its disadvantage. However that may be, the defendant has the option of subjecting itself to the operation of the compensation act or of being exempt therefrom. Having voluntarily elected to be governed by the statute, it is not in a situation to invoke the inequality resulting from its provisions as a ground for declaring it unconstitutional. We do not discover that the precise point here involved or or one closely akin to it has been passed upon, but questions as to whether various features of a workman's compensation act were violative of the fourteenth amendment have frequently been disposed of by reference to the fact that its application was made optional. (*Shade v. Cement Co.,* 93 Kan. 257, 260, 144 Pac. 249; 28 R. C. L. 742.) The attitude of the courts is as indicated by these extracts from a note on the subject:

"Having decided that the statutes are, in fact, optional, and afford a voluntary election to accept or reject them, the entire problem is solved."

"The courts have invariably held that the optional statutes do not infringe the due process and equal protection provisions of the Constitution." (Note, L. R. A. 1916 A, 410, 414.)

The judgment is affirmed.