No. 26,070.

HENRY C. ALBRECHT, GEORGE W. ALBRECHT and MARY E. HELMS, *Appellants*, v. MINNIE FRIEDRICKSON, CECILIA ALBRECHT and FERN ALBRECHT, *Appellees*.

SYLLABUS BY THE COURT.

APPEAL AND ERROR—*Presumptions—Burden of Showing Error*. Error of the trial court will not be presumed, but must be shown before its judgment will be reversed.

Appeal from Lyon district court; WILLIAM C. HARRIS, judge. Opinion filed July 11, 1925. Affirmed.

*Horatio F. Dale* and *W. G. Harvison*, both of Des Moines, Iowa, for the appellants.

*S. S. Spencer* and *O. T. Atherton*, both of Emporia, for the appellees.

Appeal and Error, 4 C. J. § 2662.

The opinion of the court was delivered by

HARVEY, J.: This is an action to partition certain real estate among the heirs of Louis Albrecht, late a resident of Lyon county, who died intestate, leaving no widow, children or parents. The plaintiffs are children of Ernest Albrecht, a deceased brother. A sister, Minnie Friedrickson, was made sole defendant. An intervening petition was filed by Cecilia Albrecht and Fern Albrecht, in which they claim to be the adopted children of Richard Albrecht, a deceased brother, and as such to be entitled to a share of the property to be partitioned. The defendant Minnie Friedrickson conceded the claim of the interveners. The plaintiffs contested the claim of the interveners, and issues were joined thereon. There was a trial to the court, who made the following finding as to the heirs of Louis Albrecht, deceased:

"The court further finds that the deceased left as his sole and only heir at law his sister, Minnie Friedrickson, defendant herein; his niece, Mary E. Helms, and his nephews, Henry C. Albrecht and George W. Albrecht, being the only children of Ernest Albrecht, a deceased brother; his nieces, Fern Albrecht and Cecilia Albrecht, adopted children of Richard Albrecht, a deceased brother. And the court further finds that the said Fern Albrecht and Cecilia Albrecht were legally adopted by said Richard Albrecht, deceased, under and by virtue of the laws of the state of Iowa, in which state the said Richard Albrecht resided until his death in 1916. That by virtue of said adoption the said Fern Albrecht and Cecilia Albrecht are heirs of Louis Albrecht, inheriting through Richard Albrecht, deceased."

Judgment was entered accordingly. Plaintiffs have appealed, and contend that there was no evidence upon which the trial court could base a finding that the interveners are the legally adopted children of Richard Albrecht. The difficulty we have in reversing the trial court for that reason is that plaintiff has not brought the evidence to this court in the abstract or otherwise. Certainly we cannot say the trial court was in error in his findings based upon the evidence when we do not know what evidence was produced at the trial. It seems that the court reporter was not used and that no record was made of the evidence offered at the trial. Counsel for appellees, the interveners, has filed in this court a summary of what he contends was the evidence offered, and which is sufficient to sustain the court's findings. But counsel for appellants strenuously insist this is not a correct summary of the evidence offered. So far as this appeal is concerned, it is not material whether the summary is correct or not,

for the same conclusion is reached in either event. If the summary is correct, it is clear that the trial court had ample competent evidence before him to support the finding complained of. If this summary is to be disregarded, then there is nothing before us to show what evidence was produced. Error is never assumed; it must be shown to exist. (*Bartlett v. Feeney*, 11 Kan. 593; *Rupp v. Dinkel*, 112 Kan. 534, 211 Pac. 629.) Without knowing what evidence was before the trial court we cannot assume that he erred in his findings thereon.

The judgment of the court below is affirmed.