No. 26,752.

JAMES SNOPKOSKI, *Appellee,* v. THE HOME RIVERSIDE COAL MINES COMPANY, *Appellant.*

SYLLABUS BY THE COURT.

1. WORKMEN'S COMPENSATION ACT—*Recovery in Addition to Schedule Allowance.*  Under the workmen's compensation law more may be recovered for the permanent partial loss of the sight of an eye than for the total loss of the eye.

2. PLEADING—*Amendment—When Petition Considered Amended.*  Under the workmen's compensation law, a petition to recover compensation for the total loss of sight of an eye will be considered as amended to correspond with the evidence so as to enable the plaintiff to recover for the permanent partial loss of the sight of the eye.

Appeal from Leavenworth district court; JAMES H. WENDORFF, judge.  Opinion filed April 10, 1926.  Affirmed.

*W. W. Hooper,* of Leavenworth, for the appellant.

*W. W. McCanles,* of Kansas City, Mo., for the appellee.

The opinion of this court was delivered by

MARSHALL, J.:   This is an appeal from a lump-sum judgment rendered under the workmen's compensation law for the accidental, permanent, partial loss of the sight of an eye.  Judgment was rendered for the plaintiff for $2,376.38, and the defendant appeals.

By an accident, while the plaintiff was in the employ of the defendants, his right eye was injured so that he almost completely lost the sight thereof.  Special questions were answered by the jury as follows:

"Q. 1. Was the plaintiff's eye injured on or about the 9th day of January, 1924, while working in the coal mine of said defendant?  A. Yes.

"Q. 2. If you answer question No. 1 yes, then state whether or not he was at the time totally disabled from working?  A. Yes.

Workmen's Compensation Acts, C. J. pp. 97 n. 40, 126 n. 80, 128 n. 25; L. R. A. 1916A, 256; 8 A. L. R. 1324; 24 A. L. R. 1466; 28 R. C. L. 819.

"Q. 3. If you answer the preceding question yes, then state how long he was totally disabled from working? A. Twelve days.

"Q. 3½. Do you find plaintiff suffered a partial disability because of his alleged injury? A. Yes.

"Q. 3¾. If you answer 3½ yes, is such partial disability temporary or permanent? A. Permanent.

"Q. 7. What was the plaintiff's average weekly wages for fifty-two weeks immediately prior to the date of his injury? A. $17.50.

"Q. 8. How much has the plaintiff earned since his injury? A. About $45.57, based on the following: 1½ days at mine, $8.07; 3 weeks washing dishes in K. C., Mo., $37.50.

"Q. 13. Has the plaintiff lost the use of his right eye for all practical purposes? A. Yes."

Other questions were answered which are not material to the present discussion, some of which were set aside by the court.

1. The statutory compensation for the loss of an eye is fifty per cent of the average weekly wages during 110 weeks. (R. S. 44-510, subdiv. 15.) Fifty per cent of the average weekly wages of the plaintiff would have been $962.50. The evidence showed that $119.62 had been paid the plaintiff when the judgment was rendered. That left $842.88, for which the defendant argues judgment should have been rendered and for no greater amount. The judgment was for more than twice that amount. The argument is made that greater compensation should not be paid for the permanent partial loss of an eye than for the total loss of one. The argument is not new, and is disposed of by *Stefan v. Elevator Co.,* 106 Kan. 369, 187 Pac. 861; *Emry v. Cripes,* 110 Kan. 693, 205 Pac. 598; *Anderson v. Oil & Refining Co.,* 111 Kan. 314, 206 Pac. 900; *Burchett v. Manufacturing Co.,* 114 Kan. 138, 217 Pac. 284; *Smith v. Packing Co.,* 115 Kan. 874, 225 Pac. 110; *Lane v. Sonken-Galamba Corporation,* 119 Kan. 256, 237 Pac. 875.

2. In his petition, the plaintiff alleged that he had lost the sight of his right eye. The defendant argues that plaintiff is bound by the allegation of his petition that he had lost the entire sight of his eye, and for that reason can recover only the amount allowed by the statute for the loss of an eye. There was evidence which tended to prove that the sight of the eye was not totally destroyed. Under those circumstances, it would have been proper for the court to have allowed the plaintiff to amend his petition to correspond with the facts proved, which justified the judgment that was rendered. Where such situations have heretofore existed, this court has often considered the amendments as having been made. The circumstances

surrounding this case justify this court in considering as made such an amendment as would permit the plaintiff to recover for the permanent partial loss of the sight of his eye.

The judgment is affirmed.