No. 27,876.

Ben Robertson, *Appellee*, v. The Board of County Commission-
ers of The County of Labette, *Defendant*, and The Federal
Surety Company, *Appellant*.

(261 Pac. 831.)

SYLLABUS BY THE COURT.

1. Appeal and Error — *Subsequent Appeal — Former Decision as Law of Case*.
Where a case is brought a second time on appeal to this court, the first deci-
sion will be deemed the settled law of the case, and will not be made a sub-
ject of reëxamination. (*Headley v. Challiss,* 15 Kan. 602, followed.)

2. Counties—*Power to Contract—Liability Insurance Protecting Employees*. A
board of county commissioners in building a hard-surfaced road under the
present statutes of this state, where workmen are employed and machinery
is purchased for the purpose of building the road, has implied authority to
purchase and pay for insurance covering injury to workmen while engaged
in such employment.

3. Workmen's Compensation Act—*Instructions—Recovery of More for Par-
tial Loss Than for Total*. It was not error for the court to refuse to give an
instruction which asked for a rule of law contrary to that declared in *Stefan
v. Elevator Co.,* 106 Kan. 369, 187 Pac. 861; *Emry v. Cripes,* 110 Kan. 693;
205 Pac. 598; *Anderson v. Oil & Refining Co.,* 111 Kan. 314, 206 Pac. 900;
*Burchett v. Manufacturing Co.,* 114 Kan. 138, 217 Pac. 284; *Smith v. Pack-
ing Co.,* 115 Kan. 874, 225 Pac. 110; *Lane v. Sonken-Galamba Corporation,*
119 Kan. 256, 237 Pac. 875; and *Snopkoski v. Home Riverside Coal Mines
Co.,* 120 Kan. 747, 244 Pac. 849.

4. Appeal and Error—*Presumptions—Burden of Showing Error*. It is incum-
bent on a party to an action who seeks the reversal of a judgment because of
the verdict to show wherein the verdict is defective.

Appeal from Labette district court; William D. Atkinson, judge. Opinion
filed December 10, 1927. Affirmed.

*L. E. Goodrich,* of Parsons, *John T. Harding, David A. Murphy* and *C. R.
Tucker,* all of Kansas City, Mo., for the appellant.

*Carl V. Rice,* of Parsons, for the appellee.

The opinion of the court was delivered by

Marshall, J.: This is the second time this case has been in this
court. (*Robertson v. Labette County Comm'rs,* 122 Kan. 486, 252
Pac. 196.) The plaintiff was employed by Labette county in the

Appeal and Error, 4 C. J. pp. 731 n. 81, 771 n. 58, 1093 n. 77, 1099 n. 11; 2 R.
C. L. 224. Counties, 15 C. J. p. 540 n. 84; 7 R. C. L. 937. Liability Insurance,
36 C. J. p. 1128 n. 67.

construction of a hard-surface road in that county and was accidentally injured while working for the county on the road. The Federal Surety Company had issued a policy of insurance to indemnify the board of county commissioners against personal injuries sustained by employees, and—

"To pay promptly to any person entitled thereto, under the workmen's compensation law and in the manner therein provided, the entire amount of any sum due, and all installments thereof as they become due—

"(1) To such person because of the obligation for compensation for any such injury imposed upon or accepted by this employer under such of certain statutes as may be applicable thereto, cited and described in an indorsement attached to this policy, each of which statutes is herein referred to as the workmen's compensation law; and

"(2) For the benefit of such person the proper cost of whatever medical, surgical, nurse or hospital services, medical or surgical apparatus or appliances and medicines, or, in the event of fatal injury, whatever funeral expenses are required by the provisions of such workmen's compensation law. . . .

"To indemnify this employer against loss by reason of the liability imposed upon him by law for damages on account of such injuries to such of said employees as are legally employed wherever such injuries may be sustained within the territorial limits of the United States of America or the Dominion of Canada."

The former appeal was taken from judgments rendered in favor of the defendants, the board of county commissioners and the Federal Surety Company on their separate demurrers to the petition of the plaintiff. The judgment was affirmed so far as the board of county commissioners was concerned, and was reversed so far as the Federal Surety Company was concerned. The action was sent back to the district court, was again tried, and judgment was rendered against the Federal Surety Company, from which that company has appealed.

1. All the questions presented to this court on the former hearing and disposed of in the opinion reported at 122 Kan. 486 are reargued. The defendant urges that the court was then wrong in the interpretation of the contract and in the decision of the questions presented. The rules declared in that opinion became the law of this case, were followed by the district court on the retrial of the case, and must be adhered to at the present time.

In *Headley v. Challiss*, 15 Kan. 602, the court said:

"Where a case is brought a second time on error to this court, the first decision will be deemed the settled law of the case, and will not be made a subject of reëxamination." (Syl. ¶ 2.)

That rule has been followed in the following cases: *Central*

*Branch U. P. R. Co. v. Shoup,* 28 Kan. 394; *Norton v. Huntoon,* 43 Kan. 275, 22 Pac. 565; *Modern Woodmen v. Gerdom,* 77 Kan. 401, 94 Pac. 788; *Railway Co. v. Stone,* 80 Kan. 7, 101 Pac. 666; *Buck v. Vickers,* 80 Kan. 29, 101 Pac. 668; *Griffin v. Brick Co.,* 90 Kan. 375, 133 Pac. 574; *Dyson v. Bux,* 92 Kan. 154, 139 Pac. 1159; *Cornwell v. Moss,* 99 Kan. 522, 162 Pac. 298; *Ingalls v. Smith,* 101 Kan. 301, 167 Pac. 1040; *Kinkel v. Chase,* 107 Kan. 55, 190 Pac. 618; *Gratney v. Wyandotte County,* 118 Kan. 101, 233 Pac. 795.

While the Federal Surety Company recognizes this rule, it contends that it is sometimes modified. The court said in *Central Branch U. P. R. Co. v. Shoup,* 28 Kan. 394 as follows:

"While this rule may not be a cast-iron rule, incapable of relaxation under any circumstances, yet it must be adhered to where the question is one of great doubt, has been thoroughly considered, and is one whose decision involves no serious injury to general rights." (Syl. ¶ 2.)

The rule is not always followed, as is shown by the case just cited and by *Railway Co. v. Merrill,* 65 Kan. 436, 70 Pac. 358; *Lorimer v. Fairchild,* 68 Kan. 328, 75 Pac. 124; and *Henry v. Railway Co.,* 83 Kan. 104, 109 Pac. 1005.

The court has reëxamined the questions thus presented and has reached the same conclusions that were reached on the former presentation of this case.

2. After the action had been heard in this court and the judgment of the district court had been reversed in part, the Federal Surety Company filed an answer in the district court, in which answer it alleged—

"2. Defendant states that by said contract of insurance, a substantially correct copy of which is attached to plaintiff's petition, defendant agreed to pay the employees of the county of Labette, Kansas, engaged in the work described in the schedules which were a part of said contract, only such sum or sums of money as were due such persons because of the obligation for any injury received by any of such persons imposed upon or accepted by said Labette county, Kansas, under the workmen's compensation law of the state of Kansas; that neither the compensation law of the state of Kansas, nor any other law of the state of Kansas, imposed any obligation upon Labette county, Kansas, for the payment of any sums of money to the plaintiff because of any injuries sustained by the plaintiff while engaged in the work aforesaid, or otherwise, and that, therefore, defendant is not liable to the plaintiff in any sum whatsoever under said contract or policy of insurance.

"3. For further answer, defendant states that it issued the policy of insurance, of which the copy attached to plaintiff's petition is substantially a correct copy, to the county of Labette, Kansas, for the consideration therein named, paid and to be paid by said county of Labette; that the sole considera-

tion for said contract was the premium, paid and to be paid, by said county of Labette, in accordance with the terms of said contract; that on or about the 27th day of November, 1925, said Labette county, Kansas, through and by its board of county commissioners, brought suit against this defendant in the district court of Labette county to recover back the moneys which it had paid to defendant in part payment of the premium due under said policy of insurance on the ground that said board of county commissioners of Labette county was without power and authority under the law to make said contract and that said contract of insurance was void from the beginning; that said suit is still pending and undetermined, and that if it be adjudged that said contract of insurance was void because of want of power in the board of county commissioners to make the same and that said county of Labette is entitled to recover the premium paid for it, the consideration for said contract will have wholly failed and said contract will be and is without consideration, and void as to plaintiff or any other person, firm or corporation."

The plaintiff filed a motion to strike out the quoted paragraphs of the answer, the motion was allowed, and of that order the defendant complains. The attempted matters of defense set up in the paragraph numbered two of the answer raised a question of law which was embraced within the demurrer to the petition sustained by the court, and from which the first appeal was taken to this court. Those matters were decided against the defendant on that appeal and come within the rule just declared concerning those questions presented by the defendant at this time and which were presented on the former appeal.

Did the facts presented in the third paragraph of the answer constitute a defense or any part of a defense to the petition of the plaintiff? If true, they present a question of law, not a question of fact. That question of law was properly disposed of on the motion to strike, considering it as a demurrer to that paragraph of the answer.

Section 19-101 of the Revised Statutes in part reads:

"That each organized county within this state shall be a body corporate and politic, and as such shall be empowered for the following purposes: . . . to make all contracts and do all other acts in relation to the property and concerns of the county, necessary to the exercise of its corporate or administrative powers . . ."

Section 19-212 of the Revised Statutes provides that—

"The board of county commissioners of each county shall have the power, at any meeting: . . . Fifth, to represent the county and have the care of the county property, and the management of the business and concerns of the county, in all cases where no other provision is made by law. . . . Eighth, to lay out, alter, or discontinue any road running through one or more town-

ships in such county, and also to perform such other duties respecting roads as may be provided by law. . . Eleventh, to perform such other duties as are or may be prescribed by law."

Section 68-520 of the Revised Statutes in part reads:

"That the board of county commissioners may, in constructing, surfacing, repairing or maintaining the county roads, let contracts for all or any part of such work, or said board may buy the materials and contract all or any part of the labor, or may purchase or rent machinery and other equipment, and employ labor, under the direction of the county engineer. . . ."

The last quoted section of the statute gives to the board of county commissioners authority to do the work of constructing a road without letting a contract for such construction. The statute impliedly gives to the board of county commissioners authority to do all things reasonably necessary to be done when the county itself employs the labor and buys the machinery with which to do the work of constructing a road. In constructing a hard-surfaced road, it is necessary to use heavy machinery and employ a large number of men. In connection with such construction, there is always danger of injury to workmen engaged therein. In all construction operations, involving danger to workmen, it is customary, and in most instances necessary, that insurance be carried by the employer covering his liability to his workmen for damages caused by negligence or for injuries that may arise for which compensation must be paid under the workmen's compensation law. There can be no question that such insurance is a reasonable precaution for the employer to take. When the county under the law undertakes to engage in the dangerous work of constructing roads, it may very properly provide for insurance to its employees covering injury to them whether caused by negligence or otherwise when the injury arises in the performance of the work in which they are engaged. Although there is no statute specifically and directly authorizing the board of county commissioners to purchase such insurance, yet under the authority given to the board of county commissioners to make all contracts and do all other acts in relation to the property and concerns of the county necessary to the exercise of its corporate or administrative powers, to have the care of the county property and the management of the business and concerns of the county in all cases where no other provision is made by law, and to contract for the labor necessary to construct a hard-surfaced road, implied authority is given to the board of county commissioners to pur-

chase such insurance, because that insurance is reasonably neces-
sary in order to carry into execution the specific authority given
to them. We are not unmindful of the fact that the county is
not liable under the workmen's compensation law, or for negligence.

3. Complaint is made of the refusal of the court to give the
following requested instruction:

"You are further instructed that if you find and believe from the evidence
that plaintiff's disability as a result of this injury is permanent in time and
partial in quality, and if you find that as a direct result of the injuries sus-
tained by the plaintiff while in the employ of Labette county, Kansas, on
August 12, 1925, the plaintiff has permanently lost the use of his left arm, then
under the law he cannot in any event recover more than he might have re-
covered had he actually lost his arm as a result of said injury, to wit: the
sum of the product of 210 weeks at $12 per week, or $2,520, plus such amount
as you may believe from the evidence the plaintiff has paid or obligated him-
self to pay for medical treatment rendered to him within fifty days follow-
ing the date of the injury, not to exceed the sum of $150, less such sum as
you shall find and believe from the evidence has heretofore been paid to
plaintiff by defendant."

The policy provided that compensation should be paid as pro-
vided in the workmen's compensation law of the state of Kansas.
In *Stefan v. Elevator Co.*, 106 Kan. 369, 187 Pac. 861; *Emry v.
Cripes*, 110 Kan. 693, 205 Pac. 598; *Anderson v. Oil and Refining
Co.*, 111 Kan. 314, 206 Pac. 900; *Burchett v. Manufacturing Co.*,
114 Kan. 138, 217 Pac. 284; *Smith v. Packing Co.*, 115 Kan. 874,
225 Pac. 110; *Lane v. Sonken-Galamba Corporation*, 119 Kan. 256,
237 Pac. 875; and *Snopkoski v. Home Riverside Coal Mines Co.*,
120 Kan. 747, 244 Pac. 849, this feature of the workmen's compen-
sation law was considered by the court, and the proposition pre-
sented by the surety company was there determined against the
contention of the company. It was not error to refuse to give the
instruction.

4. The surety company argues that the answers to the special
questions were inconsistent with each other and with the general
verdict, that the verdict was the result of a compromise, and that
"one of two amounts should have been returned by the jury, either
for total permanent disability in the sum of $6,330, or for partial
permanent disability in a lesser amount had plaintiff pleaded or
introduced testimony on partial permanent disability, as the jury
might determine." For these reasons, the surety company argues
that the verdict should be set aside and that a new trial should be

granted. The verdict was for $4,225, and special questions were answered as follows:

"1. State whether you find that plaintiff is permanently partially disabled. A. Yes.

"2.· State whether or not you find that plaintiff, as a result of his injury, has permanently lost the use of his left arm. A. No."

"1. Do you find that the plaintiff, by reason of the injury of his arm, is disqualified from performing the usual tasks of a workman to the extent that he is unable to procure and retain employment? A. Yes.

"2. Is the plaintiff permanently disabled by reason of the injury to his arm? A. Yes.

"3. What were the 'average weekly wages' of the plaintiff prior to his injury as such term is defined by the court? A. $40.

"4. What expenses did the plaintiff incur for medical and surgical attention within fifty days after his injury? A. $65."

It is not apparent wherein the special questions were inconsistent with each other ˙or with the general verdict. There is nothing to show that the verdict was the result of a compromise. The surety company is in error when it assumes that the jury found total permanent disability. The argument based on that assumption necessarily fails, because the jury found permanent partial disability. The briefs do not show why the verdict should have been either for $6,330, the amount claimed by the plaintiff in his petition, or for a different amount less than that sum. The court is unable to see why the verdict should have been for $6,330, and is unable to discover why the verdict returned is not for the correct amount.

The surety company has not shown a condition which justifies a reversal of the judgment. In *Bartlett v. Feeney*, 11 Kan. 593, it was declared that—

"Error is never presumed; it must always be shown; and if it is not affirmatively shown it will be presumed that no error has been committed." (Syl. ¶ 5.)

Numerous cases might be cited in support of that rule, down to and including *Albrecht v. Friedrickson*, 119 Kan. 242, 237 Pac. 649.

The Federal Surety Company requested that the court instruct the jury to return a verdict in favor of the defendant. The questions argued in support of this proposition are substantially the same as those that were argued under the motion to strike, and have been disposed of.

The judgment is affirmed.