BOOTH FISHERIES COMPANY ET AL. *v.* INDUS-
TRIAL COMMISSION OF WISCONSIN ET AL.

ERROR TO THE SUPREME COURT OF THE STATE OF WISCONSIN.

No. 313.   Argued May 5, 1926.—Decided May 24, 1926.

1. The Wisconsin Workmen's Compensation Act, (Ls. 1921, §§ 2394–
19,) which makes the findings of fact of the Industrial Commission conclusive if there be any evidence to support them, does not thereby violate the rights of an employer under the Fourteenth Amendment by depriving him of a judicial review of the facts on which an award is made against him, because the Act is elective and does not bind an employer who has not voluntarily accepted its provisions. P. 210.

2. An employer who has made such election, accepting the burdens of the Act with its benefits and immunities, is estopped from questioning its constitutionality. P. 211.

3. *Ohio Valley Water Co.* v. *Ben Avon Borough,* 253 U. S. 287, dis-
tinguished. P. 211.

185 Wis. 127, affirmed.

ERROR to a judgment of the Supreme Court of Wiscon-
sin sustaining an award under the state Workmen's Com-
pensation Act.

*Mr. George A. Schneider* for plaintiffs in error.

*Messrs. Herman L. Ekern,* Attorney General of Wisconsin, and *Winfield W. Gilman* were on the brief, for defendant in error Industrial Commission of Wisconsin.

*Mr. Lynn D. Jaseph* for defendant in error, Mary McLaughlin.

MR. CHIEF JUSTICE TAFT delivered the opinion of the Court.

This was a suit begun in the Circuit Court of Dane County, Wisconsin, to review and set aside the findings and award under the Wisconsin Workman's Compensation Act of a death benefit in favor of Mary McLaughlin as widow of William McLaughlin, against his employer, the Booth Fisheries Company, and that company's surety, the Zurich General Accident & Liability Company.

The petition avers that the Industrial Commission in making the award " acted without and in excess of its powers " in finding that the personal injuries and death of William McLaughlin were proximately caused by accident and not intentionally self-inflicted, and that this finding was contrary to the evidence and contrary to the law. The Circuit Court and the Supreme Court of the State held that the findings of fact by the Commission were supported by evidence, and so were conclusive.

The only question raised on the appeal to the Supreme Court of Wisconsin was the constitutionality under the Fourteenth Amendment of the Workman's Compensation Act of Wisconsin in its limitation of the judicial review of the findings of fact of the Industrial Commission to cases in which " the findings of fact by the Commission do not support the order or award." Wisconsin Statutes, 1921, §§ 2394–19. This limitation has been held by the state Supreme Court to mean that the findings of fact

made by the Industrial Commission are conclusive, if there is any evidence to support them. *Northwestern Iron Co.* v. *Industrial Commission,* 154 Wis. 97; *Milwaukee* v. *Industrial Commission,* 160 Wis. 238; *Milwaukee C. & G. Co.* v. *Industrial Commission,* 160 Wis. 247; *William Rahr Sons Co.* v. *Industrial Commission,* 166 Wis. 28; *Booth Fisheries Co.* v. *Industrial Commission,* 185 Wis. 127. It follows that the court may not in its review weigh the evidence or set aside the finding on the ground that it is against the preponderance of the testimony.

It is argued that the employer in a suit for compensation under the Act is entitled under the Fourteenth Amendment to his day in court, and that he does not secure it unless he may submit to a court the question of the preponderance of the evidence on the issues raised.

A complete answer to this claim is found in the elective or voluntary character of the Wisconsin Compensation Act. That Act provides that every employer who has elected to do so shall become subject to the Act, that such election shall be made by filing a written statement with the Commission, which shall subject him to the terms of the law for a year and until July 1st following, and to successive terms of one year unless he withdraws. Wisconsin Stat. § 2394—3, 4, 5. It is conceded by the counsel for the plaintiffs in error that the Act is elective, and that it is so is shown by the decisions of the Wisconsin court in *Borgnis* v. *Falk Company,* 147 Wis. 327, 350, and in the present case. 185 Wis. 127. If the employer elects not to accept the provisions of the compensation Act, he is not bound to respond in a proceeding before the Industrial Commission under the Act, but may await a suit for damages for injuries or wrongful death by the person claiming recovery therefor, and make his defense at law before a court in which the issues of fact and law are to be tried by jury. In view of such an op-

portunity for choice, the employer who elects to accept the law may not complain that, in the plan for assessing the employer's compensation for injury sustained, there is no particular form of judicial review. This is clearly settled by the decision of this Court in *Hawkins* v. *Bleakly*, 243 U. S. 210, 216.

More than this, the employer in this case having elected to accept the provisions of the law, and such benefits and immunities as it gives, may not escape its burdens by asserting that it is unconstitutional. The election is a waiver and estops such complaint. *Daniels* v. *Tearney*, 102 U. S. 415; *Grand Rapids & I. R. Co.* v. *Osborn*, 193 U. S. 17.

The counsel for the plaintiff in error relies chiefly on the case of *Ohio Valley Water Co.* v. *Ben Avon Borough*, 253 U. S. 287. That case does not apply. An order of a public service commission in fixing maximum rates for a water company was there attacked on the ground that the rates fixed were confiscatory. It was held that the law creating the commission, which had operated to withhold opportunity for appeal to the courts to determine the question, as a matter of fact and law, whether the rates were confiscatory, could not be sustained, and was in conflict with the due process clause of the Fourteenth Amendment. But in that case, the water company was denied opportunity to resort to a court to test the question of the confiscatory character of its rates and of its right to earn an adequate income. Here the employer was given an election to defend against a full court proceeding but accepted the alternative of the compensation Act.

The judgment of the Supreme Court of Wisconsin is

*Affirmed.*