### SLICK v. HAMAKER.

Circuit Court of Appeals, Eighth Circuit.
August 24, 1928.

No. 8058.

Willard Brooks, of Wichita, Kan. (C. H. Brooks and Howard T. Fleeson, all of Wichita, Kan., on the brief), for plaintiff in error.

H. W. Hart, of Wichita, Kan. (W. L. Cunningham and D. Arthur Walker, both of Arkansas City, Kan., and Glenn Porter and Enos E. Hook, both of Wichita, Kan., on the brief), for defendant in error.

Before LEWIS, Circuit Judge, and PHILLIPS and JOHN B. SANBORN, District Judges.

JOHN B. SANBORN, District Judge. The defendant in error (hereinafter referred to as plaintiff) was an employee of the plaintiff in error (who will be called defendant). The plaintiff was a citizen of Kansas, and the defendant of Pennsylvania. The place of employment was Cowley county, Kansas. The plaintiff received injuries in the course of his employment, and brought this proceeding in the District Court of the United States for the District of Kansas, to have determined the amount due him under the Workmen's Compensation Act of that state (Rev. St. Kan. 1923, 44—501 to 44—547), to which both he and his employer were subject. Pursuant to the act, he petitioned the court for the appointment of an arbitrator to make findings and an award. The defendant consented to the arbitration and to the determination by an arbitrator of the amount of compensation, the character and quality of the disability, and the period during which payments of compensation should continue. He also waived any irregularity in the bringing of the petition in the federal court and consented to its jurisdiction based on diversity of citizenship and amount in controversy. On March 23, 1927, upon the petition of the plaintiff and the stipulation of the parties, an arbitrator was appointed by the court. An award was made, which included an allowance of $6.00 a week from April 2, 1926, for permanent partial disability, which is the only item in dispute in this case. Upon the coming down of the award, the plaintiff moved for an order confirming it and for judgment upon it. The defendant asked the court for a review of the award, on the ground that it was made without authority on the part of the arbitrator and was grossly excessive "to the extent that the award allows a six ($6.00) dollar a week minimum beginning April 2, 1926. It appears from the award that if it were not for the six ($6.00) dollar a week minimum provision in the Compensa-

tion Act of the state of Kansas, there would be no payment owing for the period subsequent to April 2, 1926. The said six ($6.00) dollar a week minimum provision in the Compensation Act of Kansas, being section 44—510 of the Revised Statutes of 1923, as construed by the state Supreme Court, is void as applied to permanent partial disabilities, as defined by the state Supreme Court and as found to exist in the case at bar, because the said provision is a violation of the Fourteenth Amendment to the United States Constitution; it deprives the defendant of liberty and property without due process of law and denies to the defendant the equal protection of the law."

The court overruled the application for review of the award, confirmed the award, and entered judgment upon it. The assignments of error challenge the constitutionality of the provisions of the Kansas Workmen's Compensation Act, pursuant to which the award of $6 a week for a permanent partial disability was made.

Section 3 of the act is section 44—510 of the Revised Statutes of Kansas, 1923. Clause (c) of paragraph 3 of that section provided:

"Where disability, partial in character but permanent in quality, results from the injury, the injured workman shall be entitled to the compensation provided in paragraph 1 of this section, but shall not be entitled to any other or further compensation for or during the first week following the injury. Thereafter, compensation in a lump sum shall be paid as provided in the following schedule, the average weekly wages to be computed as provided in section 4 of this act, and the compensation to be in no case less than $6 per week nor more than $12 per week."

Then follows a definite schedule of compensation for specific injuries—subparagraphs (1) to (18) inclusive. Subparagraph (19) is as follows:

"Should the employer and employee be unable to agree upon the amount of compensation to be paid in any case of injury not covered by the schedule, the amount of compensation shall be settled according to the provisions of this act as in other cases of disagreement: Provided, however, in case of partial disability not covered by schedule the workman shall receive during such period of partial disability not exceeding eight (8) years, 60 per cent. of the difference between the amount he was earning prior to said injury as in this act provided and the amount he is able to earn after such injury."

In Stefan v. Elevator Co., 106 Kan. 369, 187 P. 861, the Supreme Court of Kansas held that, where an employee had a specific injury covered by the schedule in the act and additional partial disability not covered by the schedule, he should receive the compensation not only provided in the schedule, but also by subparagraph (19). The court also held that the limitations of clause (c) as to maximum and minimum amounts of compensation apply to subparagraph (19), so that, for a partial disability not scheduled, the employee must receive, under the law, not less than $6 a week. This construction of these provisions of the act put compensation for partial disability not scheduled out of line with compensation provided for specific injuries included in the schedule. This situation was forcibly called to the attention of the same court in Emry v. Cripes, 110 Kan. 693, 205 P. 598. A majority of the court adhered to the former construction of the provisions of the law in question, but three of the judges dissented, refusing to concur in "any result which can lead to an allowance of two or three times as much as [for] a permanent partial injury to plaintiff's hand as the legislature has specifically fixed for the total loss of it or a total loss of its use." The same question was again raised in Anderson v. Refining Co., 111 Kan. 314, 206 P. 900, and the majority still adhered to their former views, and the three dissenting judges continued to dissent. The comparative inequality of the provisions of the act under consideration is well illustrated by a tabulation in the dissenting opinion of Judge Dawson. If a man actually lost his thumb, the least amount that he could receive would be $360, whereas, if he suffered an injury to it, partial, but permanent, the minimum would be $2,496. In 1927 (Laws Kan. 1927, c. 232) the Legislature changed the act in this regard; so that this case is one of the dying embers of the controversy over the construction and validity of these provisions.

In the case of Smith v. Cudahy Packing Co., 115 Kan. 874, 875, 225 P. 110, the identical question which is presented here was presented to the Supreme Court of Kansas. The court said:

"The further contention is made, however, that under the interpretation given it the statute violates the clause of the fourteenth amendment to the federal Constitution relating to due process of law, and that relating to the equal protection of the law, by allowing a greater sum for an injury to the thumb and finger than would be allowed for their entire loss. The measures of com-

pensation prescribed by the act are necessarily approximations and if inequalities sometimes arise from the application of the general rules there laid down we do not think a violation of the Constitution results. We perceive no discrimination against the defendant. The provisions challenged may sometimes work to its benefit and sometimes to its disadvantage. However that may be, the defendant has the option of subjecting itself to the operation of the compensation act or of being exempt therefrom. Having voluntarily elected to be governed by the statute, it is not in a situation to invoke the inequality resulting from its provisions as a ground for declaring it unconstitutional. We do not discover that the precise point here involved or one closely akin to it has been passed upon, but questions as to whether various features of a workman's compensation act were violative of the Fourteenth Amendment have frequently been disposed of by reference to the fact that its application was made optional."

This decision was filed in April, 1924. In 1926 the Supreme Court of the United States made the same answer to a similar contention in the case of Booth Fisheries Co. v. Industrial Commission, 271 U. S. 208, 210, 46 S. Ct. 491 (70 L. Ed. 908), in respect of the Wisconsin Compensation Act (St. 1921, § 2394—1 et seq.), the court said:

"It is argued that the employer in a suit for compensation under the act is entitled under the Fourteenth Amendment to his day in court, and that he does not secure it unless he may submit to a court the question of the preponderance of the evidence on the issues raised. A complete answer to this claim is found in the elective or voluntary character of the Wisconsin Compensation Act. * * * If the employer elects not to accept the provisions of the Compensation Act, he is not bound to respond in a proceeding before the Industrial Commission under the act, but may await a suit for damages for injuries or wrongful death by the person claiming recovery therefor, and make his defense at law before a court in which the issues of fact and law are to be tried by jury. In view of such an opportunity for choice, the employer who elects to accept the law may not complain that, in the plan for assessing the employer's compensation for injury sustained, there is no particular form of judicial review. This is clearly settled by the decision of this court in

Hawkins v. Bleakly, 243 U. S. 210, 216, 37 S. Ct. 255, 61 L. Ed. 678, Ann. Cas. 1917D, 637. More than this, the employer in this case having elected to accept the provisions of the law, and such benefits and immunities as it gives, may not escape its burdens by asserting that it is unconstitutional. The election is a waiver and estops such complaint. Daniels v. Tearney, 102 U. S. 415, 26 L. Ed. 187; Grand Rapids & I. R. Co. v. Osborn, 193 U. S. 17, 24 S. Ct. 310, 48 L. Ed. 598."

In view of these decisions of the Supreme Court of Kansas and the Supreme Court of the United States, we do not feel called upon to discuss or consider whether the compensation resulting from the provisions of the Workmen's Compensation Act in question is grossly excessive or not. The act was an optional one; the defendant could elect not to come under it. It is true that, if he did not come under it, he lost the common-law defenses of assumption of risk, coservice, and contributory negligence; but the elimination of those defenses does not make the act any less an optional act from a legal standpoint. Hawkins v. Bleakly, 243 U. S. 210, 37 S. Ct. 255, 61 L. Ed. 678, Ann. Cas. 1917D, 637. The defendant here, not only had elected to come under the act, but he voluntarily participated in all the proceedings to bring about the award. He points to the following language in New York Central R. R. Co. v. White, 243 U. S. 188, 205, 37 S. Ct. 247, 254 (61 L. Ed. 667, L. R. A. 1917D, 1, Ann. Cas. 1917D, 629):

"This, of course, is not to say that any scale of compensation, however insignificant, on the one hand, or onerous, on the other, would be supportable. In this case, no criticism is made on the ground that the compensation prescribed by the statute in question is unreasonable in amount, either in general or in the particular case. Any question of that kind may be met when it arises."

This language was used with reference to the New York Workmen's Compensation Act (Consol. Laws, c. 67), which was not an optional or elective act, but required every employer in the occupations covered by it to pay the compensation therein specified to employees injured in the course of their employment. Its inapplicability to an elective act is, we think, apparent.

The judgment is affirmed.