## UNITED STATES v. HANSEN.

### SAME v. KACZMAREK.

Civil Actions Nos. 1200, 1201.

District Court, E. D. Wisconsin.

Dec. 3, 1943.

B. J. Husting, U.S. Atty., of Milwaukee, Wis., for plaintiff in each case.

A. W. Richter, of Milwaukee, Wis., for both defendants.

DUFFY, District Judge.

The defendant in each of the above cases is a tenant of the plaintiff in its extensive housing project at Greendale, Wisconsin. The written lease under which each defendant occupied a housing unit in the project expired on June 30, 1943. Each defendant was notified on January 11, 1943, that his lease would not be renewed. On April 8, 1943, plaintiff made a written offer to each defendant to rent the housing unit then occupied by him for an increased monthly rental commencing July 1, 1943, such proposed rental having been approved in each case by the Rent Director of the Milwaukee Defense Area, Office of Price Administration, as not exceeding the maximum legal rental under the Emergency Price Control Act of 1942, 50 U.S.C.A. Appendix § 901 et seq., and regulations promulgated thereunder for the defense area named.

On May 27, 1943, plaintiff gave each defendant a written notice to vacate the premises occupied by him on or before June 30, 1943, unless within ten days from the date of said notice the defendant would execute a written lease for the period commencing July·1, 1943, agreeing to pay the proposed increased rental. On June 11, 1943, a subsequent and final notice was given to each defendant to vacate and surrender not later than June 30, 1943, the premises occupied by him, unless on or before June 17, 1943, he executed the written lease previously specified by the plaintiff. None of these notices were acted upon by any of the defendants, each of whom has continued to occupy his respective unit and has tendered payments of rent at the old rate.

The Rent Director of the Milwaukee Defense Area, Office of Price Administration, by certificates dated August 10, 1943, authorized the plaintiff to pursue its remedies for the eviction of the defendants and certified that such evictions are not inconsistent with the purposes of the Emergency Price Control Act of 1942 nor the maximum rent regulation issued thereunder for the Milwaukee Defense Area.

The complaint in each case asks for the possession of the premises and the eviction of the defendant.

Contending that there is no genuine issue as to any material fact and that it is entitled to a judgment as a matter of law, the plaintiff in each action has moved for summary judgment under Rule 56. Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. The defendants each oppose such motion on the ground that the relief prayed for is not warranted under the Emergency Price Control Act of 1942, and that said act, as applied to the facts, is unconstitutional.

The answer of each defendant alleges that the action is an attempt to exact "an illegal rent in violation of the Emergency Price Control Act of 1942, and that, in so far as regulations of the Administration of

the Emergency Price Control Act permit the terms of said lease, it is based upon an unconstitutional law and is invalid." This allegation has been quoted as it is apparent the defendants rely upon the Emergency Price Control Act of 1942 as the reason why their rents cannot be increased, but at the same time contend that the law and the regulations thereunder are unconstitutional.

Each answer further alleges: "* * * that the rent being paid on March 1, 1942, was the rent being paid for like accommodations in this defense area, and that the rent demanded in the complaint exceeds the maximum rent permitted to be demanded by the Emergency Price Control Act of 1942." At the oral argument counsel for the defendants stressed the contention that under the act the Office of Price Administration could freeze rents or lower them, but that in no event could it authorize that such rents be raised.

■ It is apparent that if the Emergency Price Control Act is unconstitutional and invalid, plaintiff would have the right to raise the rental of each defendant's unit at the expiration of his lease. Assuming that such defense were well taken, it is difficult to apprehend how the defendants would benefit thereby. But, in any event, under well established rules, the defendants cannot both assail a statute and rely upon it; they cannot seek to avail themselves of the benefits conferred by an act of Congress and at the same time deny its validity. Buck v. Kuykendall, 267 U.S. 307, 45 S.Ct. 324, 69 L.Ed. 623, 38 L.Ed. 286. See also: Booth Fisheries Co. v. Industrial Commission of Wisconsin, 271 U.S. 208, 211, 46 S.Ct. 491, 70 L.Ed. 908.

■ No attempt was made by defendants to plead inconsistent defenses in the alternative, as may be done under Rule 8(e)(2), Federal Rules of Civil Procedure. We shall therefore consider the defenses raised by defendants other than the constitutionality of the Emergency Price Control Act.

Defendants contend that, by reason of the Emergency Price Control Act and the regulations thereunder, they each had the right of continued occupancy of their respective unit at the rental fixed in the expired lease, and that their previous tenancies continue at the old rentals irrespective of the expiration of the leases.

The act itself does not stabilize or "freeze" rents. It does, however, give certain authority to the administrator. Sec. 2(b) provides: "Whenever in the judgment of the Administrator such action is necessary or proper in order to effectuate the purposes of this Act, he shall issue a declaration setting forth the necessity for, and recommendations with reference to, the stabilization or reduction of rents for any defense-area housing accommodations within a particular defense-rental area. * * *" Sec. 2(c) provides, in part: "Any regulation or order under this section may be established in such form and manner, may contain such classifications and differentiations, and may provide for such adjustments and reasonable exceptions, as in the judgment of the Administrator are necessary or proper in order to effectuate the purposes of this Act. * * *" It will be noted that the administrator may exercise his judgment in determining "reasonable exceptions".

Sec. 4 of the Rent Regulation for Housing, Office of Price Administration, June 1, 1943, provides for maximum rents, subsection (g) of which reads as follows: "Housing owned and constructed by the government. For housing accommodations constructed by the United States or any agency thereof, or by a State of the United States or any of its political subdivisons, or any agency of the State or any of its political subdivisions, and owned by any of the foregoing, the rent generally prevailing in the Defense-Rental Area for comparable housing accommodations on the maximum rent date, as determined by the owner of such accommodations: * * *"

■ What the defendants really present as a defense is their disagreement with the correctness of the administrator's regulations and determinations. This court, however, is without power to pass upon the validity of such regulations or any action thereunder. It must accept the administrator's regulations as promulgated, and their validity may only be challenged as provided in the act, Sec. 204(a) of which provides for the filing of a complaint with the Emergency Court of Appeals which is created in the act, and Sec. 204(d) of which provides, in part: "* * * Except as provided in this section, no court, Federal, State, or Territorial shall have jurisdiction or power to consider the validity of any such regulation, order, or price schedule, or to stay, re-

strain, enjoin, or set aside, in whole or in part, any provision of this Act authorizing the issuance of such regulations or orders, or making effective any such price schedule, or any provision of any such regulation, order, or price schedule, or to restrain or enjoin the enforcement of any such provision."

The plaintiff is entitled to summary judgment in each action for the eviction of the defendant.