Carrie **WESTGARD**, Plaintiff,

v.

**BLUE CROSS OF NORTH DAKOTA, INC., a corporation, Defendant and Third-Party Plaintiff,**

v.

**The UNITED STATES of America, Third-Party Defendant.**

**Civ. No. A2–76–24.**

United States District Court,
D. North Dakota,
Northeastern Division.

May 14, 1976.

Daniel S. Letnes, Letnes & Marshall, Grand Forks, N. D., for plaintiff.

Timothy Q. Davies, Nilles, Hansen, Selbo, Magill & Davies, Fargo, N. D., for Blue Cross.

Lynn E. Crooks, Asst. U. S. Atty., Fargo, N. D., for United States.

## MEMORANDUM AND ORDER

BENSON, Chief Judge.

Plaintiff, Carrie Westgard, brought suit in this Court on February 8, 1974, against Casper Weinberger, Secretary of Health, Education and Welfare, to recover the cost of her hospitalization from December 6, 1971, to January 8, 1972. The action was brought pursuant to 42 U.S.C. § 405(g), and 42 U.S.C. § 1395ff, which provide for judicial review of final decisions of the Secretary of Health, Education and Welfare. The determination of the Secretary was reversed and judgment was entered allowing Plaintiff to recover the hospitalization and medical expenses incident to her hospitalization for the disputed period. *Westgard v. Weinberger,* 391 F.Supp. 1011 (D.N.

D.1975). Subsequently, Plaintiff's counsel, Daniel S. Letnes, filed an Application for Allowance of Attorney's Fees and Costs Incurred pursuant to 42 U.S.C. § 406(b). The Court ordered,

"Pursuant to 42 U.S.C., § 406(b),

IT IS ORDERED that twenty-five percent (25%) of the accrued benefits due to the Plaintiff under the provisions of the Amended Judgment of this Court in the above entitled action, entered on April 8, 1975, be paid to Plaintiff's Attorney, Daniel S. Letnes, to reimburse him for his expenses and to compensate him for his services rendered in the matter."

The accrued benefits due the Plaintiff were $2,129.57. Blue Cross of North Dakota, intermediary of the Secretary of Health, Education and Welfare, paid to Attorney Daniel S. Letnes, $532.40, and deducted those attorney fees from the benefits to be paid the Plaintiff. No appeal was taken in the case.

On January 20, 1976, Plaintiff filed a complaint in Cass County District Court, Fargo, North Dakota, naming Blue Cross of North Dakota as Defendant, and demanding judgment in the amount of $532.40 representing the attorney fees recovered in the federal court action. Blue Cross filed a third party complaint against the United States of America, alleging that if it were liable to the Plaintiff, then Blue Cross would be entitled to indemnity from the United States of America. Pursuant to 28 U.S.C. §§ 1441(a), 1442(a)(1) and 1346(a)(2), the action was removed to the federal court.

The Third Party Defendant, the United States, has filed two motions. The first is aimed at the Plaintiff and moves for dismissal, under Rule 12, of the Plaintiff's complaint or, in the alternative, summary judgment. The second is directed at Blue Cross and asks for dismissal of the third party complaint or, in the alternative, summary judgment. If this motion is denied, the United States asks that David Mathews, Secretary of Health, Education and Welfare, be substituted for Blue Cross of North Dakota as Defendant in this action.[1]

■ It is undisputed and the Court takes judicial notice that Blue Cross of North Dakota is an intermediary of the Department of Health, Education and Welfare, and that the claim out of which the present case arises is in fact a claim against the Social Security Administration of the United States.[2] The Court finds that David Mathews, Secretary of Health, Education and Welfare and the United States are the real parties in interest in the claim now being made by the Plaintiff. Pursuant to Rule 25(a) and Rule 17(a), and upon motion of the United States, the United States of America and David Mathews, Secretary of Health, Education and Welfare are substituted as defendants for Blue Cross of North Dakota in the present action. The Rule 12 motion by the third party defendant for dismissal of the third party complaint, or in the alternative for summary judgment, is thereby rendered moot.

MOTION BY THE UNITED STATES TO DISMISS PLAINTIFF'S COMPLAINT OR, IN THE ALTERNATIVE FOR SUMMARY JUDGMENT

There are no disputed issues of fact. The sole issue is whether the Plaintiff is entitled, as a matter of law, to attorney fees *in addition to* the amount of past-due benefits awarded her. Since the Court must consider its prior decision in this matter, the motion of the United States will be treated as one for summary judgment.

FINDINGS AND CONCLUSIONS

■ In the Court's Amended Judgment in *Westgard v. Weinberger, supra,* 391

1. The presence of the United States as a defendant presents a substantial immunity question. However, the Court finds it unnecessary to reach the issue, disposing of the case on other grounds.

2. The original complaint by Plaintiff Westgard has numerous references to these facts and both the United States and Blue Cross, in their pleadings, contend the United States is the real party in interest.

F.Supp. 1011, attorney fees were allowed to the Plaintiff's attorney pursuant to 42 U.S.C. § 406(b)(1). The language of that statute is specific, and provides:

"Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Secretary may, notwithstanding the provisions of section 405(i) of this title, *certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.* In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph." (Emphasis added)

By attempting to recover the amount paid as attorneys' fees, the Plaintiff is, in essence, seeking the payment of attorney's fees *in addition to* the amount of past-due benefits. This position is contrary to the intent and clear reading of 42 U.S.C. § 406(b)(1).[3]

The Court finds as a matter of law the Plaintiff is not entitled to recovery of attorney's fees in addition to the amount of past due benefits.

■ Plaintiff is also prohibited from recovery by the doctrine of res judicata. Any objections to the final judgment in *Westgard v. Weinberger, supra,* should have properly been raised on direct appeal.

"The general rule of *res judicata* applies to repetitious suits involving the same cause of action. It rests upon considerations of economy of judicial time and public policy favoring the establishment of certainty in legal relations. The rule

provides that when a court of competent jurisdiction has entered a final judgment on the merits of a cause of action, the parties to the suit and their privies are thereafter bound 'not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose.' *Cromwell v. County of Sac,* 94 U.S. 351, 352, 24 L.Ed. 195. The judgment puts an end to the cause of action, which cannot again be brought into litigation between the parties upon any ground whatever, absent fraud or some other factors invalidating the judgment. See Von Moschzisker, 'Res Judicata,' 38 Yale L.J. 299; Restatement of the Law of Judgments, §§ 47, 48." *Commissioner v. Sunnen,* 333 U.S. 591, 597, 68 S.Ct. 715, 719, 92 L.Ed. 898 (1948).

■ Even if Plaintiff's current claim is considered a different cause of action, the matter of the amount of benefits payable on behalf of the Plaintiff and the source and the amount of Plaintiff's attorney's fees was determined in a prior lawsuit, *Westgard v. Weinberger,* 391 F.Supp. 1011. Under the doctrine of collateral estoppel neither issue can be relitigated. *Commissioner v. Sunnen, supra,* 333 U.S. at 598, 68 S.Ct. 715.

■ Further, by applying for and by accepting the benefits of 42 U.S.C. § 406(b), Plaintiff and her attorney are estopped from claiming attorney fees *in addition to* the benefit award. *Booth Fisheries v. Industrial Comm.,* 271 U.S. 208, 211, 46 S.Ct. 491, 70 L.Ed. 908 (1926).

IT IS ORDERED that the motion of the United States for judgment on the pleadings, pursuant to Rules 12(c) and 56 of the Federal Rules of Civil Procedure is GRANTED.

---

**3.** The Court notes the language of 42 U.S.C. § 406(b)(2) as further evidence of the intent of Congress to limit the recover of attorney fees.

"Any attorney who charges, demands, receives, or collects for services rendered in connection with proceedings before a court to which paragraph (1) of this subsection is

applicable any amount in excess of that allowed by the court thereunder shall be guilty of a misdemeanor and upon conviction thereof shall be subject to a fine of not more than $500, or imprisonment for not more than one year, or both."